**MARTIN v. UNITED STATES.**

No. 12777.

United States Court of Appeals
Fifth Circuit.

May 26, 1950.

Rehearing Denied June 23, 1950.

No appearance entered on behalf of appellant.

Cavitt S. Binion, Asst. U. S. Atty., Fort Worth, Tex., Frank B. Potter, U. S. Atty., for appellee.

Before HOLMES, McCORD, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Charged by an indictment with the offense of robbery of an insured bank, in the commission of which the life of a named official was put in jeopardy by the use of a pistol, William Larry Martin, appellant here, requested and secured the appointment of counsel and entered a plea of insanity and of not guilty. Upon the trial the jury returned a verdict finding the defendant sane, and guilty. The Court sentenced him to the custody of the Attorney General for a period of fifteen years. Thereafter, while confined in the penitentiary, Martin filed with the sentencing Court a motion to vacate and set aside the judgment of conviction and sentence upon the ground that he had been deprived of the benefit of counsel in that by some arrangement between counsel and the United States Attorney, his appointed counsel had been excused by the Court when the jury retired to consider its verdict and consequently was not present at the time of the reception of the verdict, or when sentence was

imposed upon him immediately thereafter. This motion was denied. An appeal from the denial was presented to this Court. The sentence appeared as a part of the record. It recited that the defendant had been present in person and by counsel at the time of sentence. This Court permitted Martin to amend his motion in the trial Court to seek additionally a correction of the record, and directed that a hearing be there had to determine whether in fact his counsel was present at the time of the reception of the verdict and the imposition of sentence.

At the subsequent hearing in the trial Court counsel was appointed for the defendant. The facts with reference to the extent of participation of the defendant's counsel in the trial and at the time of sentence were fully heard. The Court denied the motion to vacate the judgment and to grant a new trial by an order which substantially sets forth the material facts and the legal conclusions of the trial Court.[1] Appellant now renews his appeal and urges error in the Court's order, predicated upon the established facts that his counsel was not present at the time of the reception of

1. "On the 19th day of May, 1948, the defendant William Larry Martin, who is now the petitioner before the court, was convicted by a jury, and by a jury verdict which found him guilty of the charge of bank robbery by the use of dangerous weapons.

"At the time that the argument was completed, and after the charge of the court had been made and given, counsel, Mr. McKool, who had represented the defendant throughout the trial, arose and stated to the court that he had a case pending down in the State Court, and that his presence was needed there, and he asked the court if he might be excused from further attendance upon the trial, while the jury was out, and at the time of sentence. Mr. McKool had been faithful and had well represented the defendant, we thought, in the case, and we granted his request, and excused him further from appearing in the trial.

"The defendant Martin was present when he made the request, and did not interpose any objection to the request made, or to the action of the court thereon, nor did he request the substitution of counsel to appear at the time the verdict should be read or sentence imposed.

"It reasonably appeared to the court at the time, and does now, that the defendant William Larry Martin was a man above average intelligence, and that he was a man of unusual courtroom experience, and that when he heard his counsel ask to be excused, and stated the reason for it, and did not protest or ask for other counsel, it was the view of the court that he waived the presence and service of counsel further in the trial. So viewing it, the court granted the request, without having counsel return, or appointing other counsel in his place.

"In view of that situation, we feel that the defendant waived the presence of his attorney at this moment, just as fully as he might have waived his presence at any time during the whole trial, or waived the use of counsel or service of counsel.

"Moreover, it appears from the statement of counsel McKool, in the hearing the other day, and today, that if he had been present he would not have asked that the jury be polled in detail, since no action suggested the need for it. We can understand the view of counsel in that particular. We have been in the active practice, including the time on the bench, for something like forty years. During the time, of twelve years or more, that we have been on the bench, we have never had occasion to poll a jury in detail, but once, when it was so requested and we granted the request.

"When the polling of the jury is called for, it is usually supplied simply by letting the foreman present the verdict, and when it is read, the court asks the jury in a group, 'So say you all, Gentlemen?' If the jury has not shown any disposition to be controversial in an unusual extent, and where their deliberation has been ordinary and regular, no ground appears that would call for any other polling, except a general poll. The type of juries that have been attending this court were men of understanding, men of courage, and there was no element there to intimidate them or prevent them from answering if it was not their verdict.

"The court finds if counsel had not been excused, upon his request, that there would have been no occasion to do other than what was done, with reference to the polling of the jury.

"Now, since the defendant is back in court, and since we have supplied him with counsel, we are going to ask this counsel to look after the preparation of an appeal if the defendant so desires, and we will order the court reporter to pre-

the verdict or when sentence was imposed, and, further, that though without counsel, the Court did not notify him of his right to appeal from the judgment of conviction. He contends also that the finding by the Court, that he waived the right to counsel by silence, is in law unsupportable.

■ It may be safely said that at this time there is no question of constitutional law any more firmly established than the oft enunciated and applied principle that, in the trial of criminal cases in the federal courts, the defendant is entitled to have the guiding hand of counsel at every stage of the proceeding. Thus, in the absence of an intelligent waiver of the right to counsel, it is the duty of the Court to appoint competent counsel for the defendant, failing which, the Court loses jurisdiction to proceed. However, recognition and application of this principle to its fullest extent does not require a Court to upset a conviction merely upon proof that at some particular stage of the proceeding counsel may not have been present. A great deal depends upon the nature of the "stage of the proceeding" from which the counsel is absent. If it be of such minor legal significance as to refute even a possibility of injury, such inconsequential impingement of the constitutional right is merely error without injury. We think this true in this case as concerns the absence of counsel at the time of the reception of the verdict. The right of a defendant to poll the jury is of course recognized and long established, but from a practical standpoint, experience of the years has shown that its benefit to a defendant in effecting a change or modification of the jury's verdict is substantially nonexistent. Furthermore, in this case the Court by his inquiry afforded any juror an opportunity to express his dissent. The record is devoid of even an intimation that either by questions from the jury or state-

ments by the Court or prosecuting officers or others, anything occurred at the time of the reception of the verdict which in anywise could have affected the rights of the defendant, or required the presence of his counsel to assert, correct, or preserve for review, any prejudicial act. If there was any reasonable doubt of prejudice the defendant should have the benefit of it, but in the circumstances here, full recognition of the defendant's right to counsel at the time does not authorize an upsetting of the verdict of the jury.

■ The very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel. The advisability of an appeal must then, or shortly, be determined. Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendants' past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial Court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result, does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial.

■ In the circumstances here, we do not think the defendant's failure to protest the Court's excuse of his counsel amounted to an intelligent waiver of the right to the presence of counsel at the subsequent proceedings in the case. Furthermore, in any event, he was without counsel at the time

---

pare a complete record and statement of facts, upon the trial, if he wishes it, and also upon this hearing, in order that each and both may go to the United States Circuit Court, or the United States Supreme Court, if it is so desired. "With this statement, we think no injury has been done the defendant, and

that he was amply able to ask for counsel, and when he saw his counsel excused, that he waived any further appearance, by making no protest.

"The petition for review and for setting aside the judgment, and for a new trial will, therefore, be overruled."

228

of sentence, and thus the provisions of Rule 37(a) (2), Rules of Criminal Procedure, 18 U.S.C.A., required that the Court advise the defendant of his right to appeal. This was not done.

The trial Court properly refused to order a new trial, but erred in failing to vacate the sentence. That judgment is reversed, and the cause remanded for imposition of the sentence of the Court upon the defendant in proceedings had with his counsel present. This preserves any right of appeal to the defendant.

Judgment reversed.