787 So.2d 264 (2001)
Kristopher SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5122.
District Court of Appeal of Florida, Second District.
May 25, 2001.
PATTERSON, Chief Judge.
Kristopher Sanders timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the trial court's denial of all grounds except for Sanders' fifth claim, that the court erred by not conducting a sentencing hearing. As to this claim, we reverse and remand for a sentencing hearing.
Sanders was indicted for, and convicted of, murder in the first degree. He was sentenced to death. The Florida Supreme Court affirmed the conviction, vacated the sentence of death, and remanded for a new penalty phase proceeding. Sanders v. State, 707 So.2d 664, 669 (Fla.1998). On remand, the State agreed not to pursue *265 the death penalty. Accordingly, the only sentencing option available to the trial court was the imposition of a sentence for life imprisonment, see §§ 782.04(1)(a), 775.082(1), Fla. Stat. (1993), which the court imposed without holding a sentencing hearing.
Sanders contends, and we agree, that the trial court erred by not holding a sentencing hearing. A criminal defendant's presence is required at every critical stage. This extends to "any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). The right to be present applies to a sentencing hearing. See Proffitt v. Wainwright, 685 F.2d 1227, 1257 (11th Cir. 1982); see also Fla. R.Crim. P. 3.180(a)(9) (providing for the presence of the defendant at the imposition of sentence).
Accordingly, we affirm in part, reverse in part and remand for a sentencing hearing at which Sanders' presence is required.
BLUE, A.C.J., and STRINGER, J., Concur.