838 So.2d 1242 (2003)
Isidro G. GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3817.
District Court of Appeal of Florida, First District.
March 10, 2003.
*1243 Isidro G. Gonzalez, Pro Se.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges his new sentence upon being re-sentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000). Although the issue of Appellant's lack of representation during the re-sentencing hearing was not properly preserved for appeal, the denial of the right to counsel is fundamental error. See Tyler v. State, 710 So.2d 645 (Fla. 4th DCA 1998) (holding that the denial of the right to counsel is fundamental error); see also May v. State, 623 So.2d 601, 603 (Fla. 2d DCA 1993) (stating that the Sixth Amendment right to counsel is a fundamental right). Once a trial court determines that a defendant's sentence is illegal and the defendant is entitled to re-sentencing, the full panoply of due process considerations attaches. See State v. Scott, 439 So.2d 219, 220 (Fla.1983). Sentencing is a critical stage of the criminal proceedings; thus, a sentencing hearing is mandatory. See id. at 221. As such, an indigent defendant is entitled to appointment of counsel at re-sentencing. See id.; see also McDonald v. State, 679 So.2d 1273 (Fla. 1st DCA 1996).
The lack of representation is not a sentencing error, but rather a due process error. Thus, Appellant may properly raise this issue on appeal. Cf. Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001) (holding that unpreserved sentencing errors will not be entertained on appeal after the adoption of rule 3.800(b)). Regardless of whether Appellant requested 122 months in his original motion, he did not expressly waive his right to appointed counsel. There is no waiver of counsel in the record, therefore, the trial court erred in failing to appoint counsel at the re-sentencing hearing. Such error is never harmless. See Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) ("The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.") (citations omitted); State v. DiGuilio, 491 So.2d 1129, 1137 (Fla.1986) ("Denial of counsel is always harmful, regardless of the strength of the admissible evidence, and can be properly categorized as per se reversible.").
Accordingly, we vacate Appellant's sentence and remand for further re-sentencing.
BOOTH, WOLF and KAHN, JJ., concur.