884 So.2d 214 (2004)
Vincente SANDOVAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1347.
District Court of Appeal of Florida, Second District.
July 30, 2004.
*215 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Vincente Sandoval, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Vincente Sandoval, convicted of capital sexual battery, was sentenced without the assistance of counsel or a valid waiver of his right to counsel. For this reason, we reverse his sentence and remand for resentencing.
Approximately eighteen years after the fact, Sandoval's great nephew accused Sandoval of fondling him when the nephew was seven years old. Based on the nephew's testimony at trial, the jury convicted Sandoval of capital sexual battery. See § 794.011(2), Fla. Stat. (1983). The trial court sentenced Sandoval to life in prison with a twenty-five-year, minimum mandatory term. See § 775.082(1), Fla. Stat. (1983). Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sandoval filed a pro se brief in which he complains that his appointed trial counsel denied him his right to testify and misinformed him about the potential sentence. Sandoval maintains his innocence of the charge and asserts that his nephew had a drug problem, stole from him, and concocted false allegations of sexual battery when Sandoval threatened to report the theft to police.
Sandoval's pro se arguments on appeal are more properly the subject of post-conviction proceedings because ineffective assistance of counsel claims generally may not be raised on direct appeal. See Corzo v. State, 806 So.2d 642 (Fla. 2d DCA 2002). However, our Anders review of the record revealed that the trial court allowed Sandoval to discharge his counsel at sentencing and proceed pro se, but the court did not inquire into whether Sandoval's waiver of his right to counsel was voluntary, knowing, and intelligent as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This fact was overlooked by the Anders briefs, and we ordered more briefing. We appreciate the State's thoughtful assessment of this issue in its supplemental brief.
"An indigent defendant has the right to the assistance of counsel at every critical stage of the proceedings against him, including sentencing." Smith v. State, 590 So.2d 1078, 1078 (Fla. 2d DCA 1991). "[T]he time for sentencing is one of those critical stages at which the defendant should be represented by counsel." Evans v. State, 163 So.2d 520, 522 (Fla. 2d DCA 1964). "The very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel." Id. (quoting Martin v. United States, 182 F.2d 225, 227 (5th Cir.1950)).
When a defendant seeks to discharge appointed counsel and proceed pro se, the trial court must determine whether the defendant is making a voluntary, *216 knowing, and intelligent waiver of the right to counsel. State v. Young, 626 So.2d 655 (Fla.1993). "[T]he United States Supreme Court decision in Faretta and our [Florida Rule of Criminal Procedure] 3.111(d) require a reversal when there is not a proper Faretta inquiry." Young, 626 So.2d at 657. It "is incumbent upon the court to determine whether the accused is knowingly and intelligently waiving his right to court-appointed counsel, and the court commits reversible error if it fails to do so." Hardwick v. State, 521 So.2d 1071, 1074 (Fla.1988). But see Wilson v. State, 764 So.2d 813, 819 (Fla. 4th DCA 2000) (holding Faretta violation was harmless when defendant was without counsel for only a brief period of time during jury deliberations but "no action was taken which could have influenced the jury's verdict").
We recognize that Sandoval will almost certainly receive the same sentence on remand. But as the State noted in its supplemental brief, there is a constitutional imperative that must be honored. "An accused's right to be represented by counsel is a fundamental component of our criminal justice system. Lawyers in criminal cases are `necessities, not luxuries.'" United States v. Cronic, 466 U.S. 648, 653, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (footnote omitted) (quoting in part Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)). Moreover, this is not the first time this court has reversed for resentencing when the length of the sentence was predetermined. See Sanders v. State, 787 So.2d 264, 265 (Fla. 2d DCA 2001) (reversing and remanding for resentencing because the circuit court imposed a life sentence without holding a sentencing hearing after the supreme court reversed a death sentence, even though "the only sentencing option available to the trial court was the imposition of a sentence for life imprisonment") (citations omitted). Otherwise, the mere fact of a mandatory sentence would nullify a defendant's constitutional right to counsel.
Indeed, the length of a convicted defendant's sentence is not the only issue that may arise at a sentencing hearing.[1] A harmless error analysis would require us to catalog the various responsibilities defense counsel would have borne at Sandoval's sentencing and to determine, by a review of the record, whether Sandoval *217 suffered any prejudice by counsel's absence. But even if we could create a comprehensive checklist and determine the applicability of each potential motion or objection, the record still would not permit a conclusion that the absence of counsel was harmless. In cases such as this one, the appellate court may know only what the record shows. For example, the record does not contain privileged information exchanged in the attorney-client relationship, against which potential courses of action might be evaluated and pursued or rejected. Thus, the likelihood of assessing success on any particular issue would rely on our review of a patently insufficient record.
Accordingly, we affirm Sandoval's conviction, reverse his sentence, and remand for resentencing with either appointed counsel or a valid waiver of the right to counsel.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] For example, although Sandoval was convicted of a crime carrying a mandatory sentence, counsel might have filed a motion for new trial under Florida Rule of Criminal Procedure 3.600; a motion for arrest of judgment under Florida Rule of Criminal Procedure 3.610 on the grounds that the information was so defective it would not support a conviction, that the court lacked jurisdiction, that the verdict was uncertain, or that the defendant was convicted of an offense not charged; or a motion to have a lesser conviction entered under Florida Rule of Criminal Procedure 3.620 if the evidence did not sustain the verdict. Counsel would have assessed whether there was any reason why sentence could not be imposed under Florida Rule of Criminal Procedure 3.720, such as the defendant's insanity, the defendant's pardon, that the defendant was not the person convicted, or that the defendant was pregnant (the last being obviously irrelevant as to this defendant but not as to all defendants who might be facing mandatory sentences). The court at sentencing might also be determining the award of credit for jail time, restitution, and the imposition of a lien for the public defender's services. Counsel has the responsibility to make such objections at sentencing as may be necessary to keep the defendant's case in an appellate "pipeline." See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). And at sentencing, as this court has previously recognized, "[t]he advisability of an appeal must then, or shortly, be determined." Evans, 163 So.2d at 522 (quoting Martin, 182 F.2d at 227). These responsibilities apply equally, if not more so, to a defendant facing a mandatory sentence of life in prison.