901 So.2d 997 (2005)
Roger Dale SUMMERLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3874.
District Court of Appeal of Florida, Second District.
May 18, 2005.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Roger Dale Summerlin appeals sentences imposed after he admitted violating his probation in two separate cases. Although one circuit court judge initially accepted Mr. Summerlin's plea of admission to the violation of probation, a successor judge imposed the sentences based upon the violation.
Counsel for Mr. Summerlin initially filed a brief under the guidelines established in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court issued an order striking the brief and requiring counsel to file either a merits brief or a motion to correct sentencing error regarding whether the sentences were erroneously imposed by a judge other than the judge who accepted Mr. Summerlin's plea of admission without compliance with Florida Rule of Criminal Procedure 3.700(c)(1). Counsel chose to file a merits brief addressing this issue. The State has responded that the issue is not preserved for appeal. We agree.
A claim that a defendant should have been sentenced by the judge who accepted the plea must be preserved to be cognizable on appeal. See Bell v. State, 895 So.2d 1290 (Fla. 5th DCA 2005). At the sentencing hearing, Mr. Summerlin's counsel did not object to the successor judge imposing the sentences. This issue might have been preserved by the filing of a motion to correct sentencing error. See Snyder v. State, 870 So.2d 140 (Fla. 2d DCA 2004). Although Mr. Summerlin's trial counsel filed a motion to reduce sentence with the trial court, citing Florida Rule of Criminal Procedure 3.800(c), that motion did not allege a sentencing error *998 and no motion raising this issue was filed pursuant to Florida Rule of Criminal Procedure 3.800(b). We therefore affirm the sentences without prejudice to Mr. Summerlin seeking postconviction relief or filing a petition alleging ineffective assistance of appellate counsel on this basis. See, e.g., Hakkenberg v. State, 889 So.2d 935 (Fla. 2d DCA 2004).
KELLY and LaROSE, JJ., Concur.