947 So.2d 1225 (2007)
Alexander C. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2953.
District Court of Appeal of Florida, First District.
January 26, 2007.
*1226 Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant; Alexander C. Wilson, pro se, Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this Anders[1] case, the appellant challenges the sentence imposed after his rule 3.800(a) motion was partially granted and he was resentenced. He alleges that the trial court committed per se reversible error when it failed to conduct a proper Faretta[2] inquiry prior to allowing him to represent himself at the resentencing hearing. The state concedes that remand for resentencing is required.
The appellant was convicted of eight counts of forgery and seven counts of uttering a forged instrument and was sentenced to a total of forty years' imprisonment. The appellant filed a motion to correct illegal sentence raising a number of claims which the trial court denied in part and granted in part. The trial court found that the appellant's scoresheet had been improperly calculated and that the appellant was entitled to be resentenced under a corrected scoresheet. The trial court denied the appellant's remaining claims for relief. After a hearing the appellant was resentenced to consecutive terms of imprisonment totaling forty years.
A resentencing is a de novo proceeding to which "the full panoply of due process considerations attaches." Gonzalez v. State, 838 So.2d 1242 (Fla. 1st DCA 2003). As such, a defendant is entitled to representation of counsel at this "critical stage" of the proceedings. Id.; Sandoval, 884 So.2d at 215. When a defendant makes clear his desire to represent himself at a critical stage, the trial court is obligated to conduct a Faretta inquiry to determine if a defendant is knowingly and intelligently waiving his right to counsel and is "aware of the dangers and disadvantages of self-representation." Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Fla. R.Crim. P. 3.111(d). Although an adequate Faretta hearing does not require "magic words," the trial court must ensure that the defendant has a general understanding of his rights and is proceeding with his "eyes wide open." Potts v. State, 718 So.2d 757, 760 (Fla.1998). In the instant case, the trial court clearly did not conduct an adequate Faretta hearing after the appellant indicated that he wished to represent himself.[3] The failure to conduct a Faretta *1227 inquiry is per se reversible error. See State v. Young, 626 So.2d 655, 657 (Fla. 1993); Case v. State, 865 So.2d 557 (Fla. 1st DCA 2004); Sandoval v. State, 884 So.2d 214 (Fla. 2d DCA 2004); see also Gonzalez v. State, 838 So.2d 1242 (Fla. 1st DCA 2003) (holding that "the lack of representation [at resentencing] is not a sentencing error, but rather a due process error," and thus the issue may be raised on appeal even if it was not preserved).
Accordingly, we reverse and remand the appellant's sentence for a new resentencing hearing. At that time the appellant may waive his right to representation if the trial court conducts an adequate Faretta hearing and determines that the waiver is made knowingly and intelligently.
REVERSED and REMANDED for resentencing with either appointed counsel or a valid waiver of the right to counsel.
BARFIELD, VAN NORTWICK, and THOMAS, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that a defendant has a constitutional right to self-representation, however, a trial court must examine the defendant to make sure the waiver of counsel is knowingly and intelligently made before allowing the defendant to proceed without the assistance of counsel).
[3] During the resentencing the following exchange took place:

Court: All right. We're here for resentencing. Mr. Wilson, do you wish to continue to represent yourself?
Defendant: Yes, sir.
Court: Okay. I will hear anything you'd like to say with regard to the sentences to be imposed in those eight counts.