952 So.2d 613 (2007)
Bertha JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4095.
District Court of Appeal of Florida, Second District.
March 30, 2007.
*614 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Bertha Jackson appeals her sentence for aggravated battery with a deadly weapon. Jackson argues that the trial court erred in hearing testimony from the victim for purposes of sentencing without defense counsel present in the courtroom. Because Jackson did not preserve the issue for appeal as required by Florida Rule of Appellate Procedure 9.140(e), we affirm her sentence.
The record indicates that the trial court conducted part of the sentencing hearing without defense counsel present by hearing the victim's testimony as it related to sentencing. After the victim testified, the trial court contacted defense counsel by telephone in open court and informed defense counsel of the victim's testimony. Defense counsel did not object on the basis that the trial court erred in hearing the victim's testimony in defense counsel's absence. In addition, defense counsel did not object at the second sentencing hearing held two months later. Furthermore, Jackson's appellate counsel did not raise this issue in Jackson's motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
A defendant is entitled to the assistance of counsel throughout sentencing proceedings. Sandoval v. State, 884 So.2d 214, 215 (Fla. 2d DCA 2004); Smith v. State, 590 So.2d 1078, 1078 (Fla. 2d DCA 1991). However, rule 9.140(e) provides that "[a] sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to [rule] 3.800(b)." In Brannon v. State, 850 So.2d 452, 456 (Fla. 2003), the court held that "the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses [an appellant] from raising the error on direct appeal."
In Gonzalez v. State, 838 So.2d 1242, 1243 (Fla. 1st DCA 2003), the appellant challenged his lack of representation at his resentencing. The First District acknowledged that the issue was unpreserved but held that it constituted fundamental error. The court recognized that unpreserved sentencing errors are not to be entertained on appeal after the adoption of rule 3.800(b)(2).[1] The court nevertheless held that "[t]he lack of representation is not a sentencing error, but rather a due process error." 838 So.2d at 1243.
This court, however, has classified a claim of constitutional error affecting a sentencing proceeding as a claim of sentencing error which must be preserved in *615 order to be raised on appeal. In Harley v. State, 924 So.2d 831, 832 (Fla. 2d DCA 2005), this court held that a claim of vindictive sentencinga due process claimthat was not raised at sentencing or in a rule 3.800(b) motion could not be considered on appeal. The Fifth District reached the same conclusion regarding a vindictive sentencing claim in Allende v. State, 882 So.2d 472 (Fla. 5th DCA 2004). See also Summerlin v. State, 901 So.2d 997 (Fla. 2d DCA 2005) (holding that a claim that a defendant was improperly sentenced by a successor judge without a showing of necessity is a sentencing error that must be preserved by objection at sentencing or by a rule 3.800(b) motion); Hakkenberg v. State, 889 So.2d 935 (Fla. 2d DCA 2004) (same). See generally Griffin v. State, 946 So.2d 610 (Fla. 2d DCA 2007) (holding that defendant's claim that evidence presented at sentencing hearing was inadmissible was not subject to preservation as a sentencing error pursuant to rule 3.800(b)).
Based on Harley's treatment of a due process claim as a claim of sentencing error, we disagree with the reasoning of Gonzalez. We thus conclude that Jackson's claim that her lack of representation at sentencing violates due process is a claim of sentencing error and therefore should have been preserved for appeal as required by rule 9.140(e). We certify pursuant to article V, section 3(b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi) that this decision is in direct conflict with the First District's decision in Gonzalez.
Affirmed; conflict certified.
LaROSE, J., Concurs.
STRINGER, J., Concurs specially.
STRINGER, Judge, Specially concurring.
I concur with the majority's affirmance of Jackson's sentence in this case because any alleged error was not preserved. I write because I disagree with the majority's assertion that this type of error could have been preserved by means of a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
Rule 3.800(b)(2) permits a party to file a motion to correct a "sentencing error" while an appeal is pending and before the party's initial brief is due. The court commentary to the rule defines "sentencing errors" for purposes of the rule as including "harmful errors in orders entered as a result of the sentencing process" and "errors within the sentence itself." Fla. R.Crim. P. 3.800 court cmt.; see also Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1019 (Fla. 2000). In discussing the use of rule 3.800(b)(2), the supreme court identified various "sentencing errors" that should be preserved by a motion pursuant to rule 3.800(b)(2), including sentences exceeding the statutory maximum, habitualization in violation of the statutory requirements, scoresheet errors affecting the length of sentence, erroneous imposition of minimum mandatory sentences, deviation between the written and oral judgments and sentences, improper departure sentences, and improper imposition of costs. Maddox v. State, 760 So.2d 89, 101-10 (Fla. 2000).
While I do not suggest that the list of sentencing errors identified in Maddox is, or was intended to be, an exhaustive list of every conceivable "sentencing error," each of the types of errors identified in Maddox meets the definition of a "sentencing error" provided in the court commentary to rule 3.800(b)(2) and discussed in its opinion adopting the rule. See Amendments, 761 So.2d at 1019. Thus, under my reading of *616 the court commentary to rule 3.800(b)(2) and Maddox, I believe that a "sentencing error" that can be preserved under rule 3.800(b)(2) is an error in the sentence itselfnot any error that might conceivably occur during a sentencing hearing.
In light of this distinction, I do not agree with the majority that the error in this case could be properly preserved under rule 3.800(b)(2). Jackson's lack of representation at the sentencing hearing is not a harmful error in an order entered as a result of the sentencing process. It is also not an error within the sentence itself. Instead, Jackson's lack of representation constitutes a due process violation that occurred at the sentencing hearing and which was subject to the contemporaneous objection rule.
Recently, this court noted that rule 3.800(b)(2) "was not intended to circumvent rules requiring contemporaneous objections or enforcing principles of waiver." Griffin v. State, 946 So.2d 610, 613 (Fla. 2d DCA 2007). Instead, it was intended to address the problems that arise from sentencing errors that "`are not immediately apparent at sentencing.'" Amendments, 761 So.2d at 1016 (quoting Amendments to the Fla. Rules of Appellate Procedure, 696 So.2d 1103, 1105 (Fla. 1996)). I do not believe that by adopting rule 3.800(b)(2) the supreme court intended to give a criminal defendant the right to stand mute in the face of obvious procedural irregularities at a sentencing hearing secure in the knowledge that if he or she is dissatisfied with the resulting sentence, he or she could resurrect objections to those procedural deficiencies in a subsequent 3.800(b)(2) motion.
I recognize that this court and others have issued opinions that provide less than clear guidance on the question of what types of errors can and cannot be preserved under rule 3.800(b)(2). However, given the language used by the supreme court when rule 3.800(b)(2) was created and adopted, I agree with the First District's reasoning in Gonzalez v. State, 838 So.2d 1242 (Fla. 1st DCA 2003), that the lack of proper representation at a sentencing hearing is not a "sentencing error" that can be raised and preserved by a rule 3.800(b)(2) motion.
NOTES
[1] The Gonzalez opinion, which was issued prior to Brannon, relied on the general holding in Harvey v. State, 786 So.2d 28 (Fla. 1st DCA 2001), that unpreserved sentencing errors will not be entertained on appeal after the adoption of rule 3.800(b), which was approved in Brannon, 850 So.2d at 459.