959 So.2d 386 (2007)
Jeffery Dana WATKINS, Appellant
v.
STATE of Florida, Appellee.
No. 2D06-5074.
District Court of Appeal of Florida, Second District.
June 15, 2007.
*387 James Marion Moorman, Public Defender, and Cynthia A. Dodge, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Jeffery Dana Watkins appeals his judgment for habitual offender driving while licensed revoked. Watkins contends that the trial court failed to conduct an adequate Faretta[1] hearing before accepting his no contest plea. We agree and reverse.
Florida Rule of Criminal Procedure 3.111(d)(2) provides as follows:
A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
Pursuant to the requirements of rule 3.111(d)(2) and Faretta, when a defendant indicates that he wants to discharge his attorney, a trial court is required to inform the defendant of the disadvantages and dangers of self-representation and to warn him of the severity of the charge and the possible sentence. See Vera v. State, 689 So.2d 389, 391 (Fla. 2d DCA 1997). The failure of a trial court to conduct an adequate Faretta hearing is per se reversible error. Hutchens v. State, 730 So.2d 825, 826 (Fla. 2d DCA 1999); Wilson v. State, 947 So.2d 1225, 1226-27 (Fla. 1st DCA 2007).
In the present case, Watkins wanted to accept a plea offer, which was against the advice of his attorney, and therefore, he wanted to discharge his attorney. The following discussion occurred before Watkins entered his plea:
MR. WATKINS: Yeah I want to fire my lawyer.
THE COURT: You want to fire your lawyer and represent yourself?
MR. WATKINS: Yes.
THE COURT: Okay, you want to do that?
DEFENSE COUNSEL: That's fine, Your Honor.
THE COURT: Okay, very well, let's go back to it. Uh, Mr. Uh, Jeffery Dana Watkins, you want to discharge your lawyer?
MR. WATKINS: Yes.
THE COURT: You want to represent yourself?
MR. WATKINS: Yes, Sir.
THE COURT: Okay, very well. You're charged with a crime of driving while license suspended or revoked as a habitual *388 traffic offender. It's a felony in the third degree, carries up to five years in state prison.
MR. WATKINS: Yes, Sir.
Thereafter, the trial court began the plea colloquy. The trial court erred in failing to conduct an adequate Faretta hearing. It was required to inquire about Watkins' age, education, mental condition, and experience and knowledge of criminal proceedings. See Jones v. State, 658 So.2d 122, 125 (Fla. 2d DCA 1995). Further, the trial court was required to inform Watkins of the disadvantages and dangers of self-representation. Id. "Without such warnings, Faretta's mandate that the record establish that a defendant has knowingly and intelligently exercised the right of self-representation . . . cannot be fulfilled." Id. at 126.
Accordingly, we reverse Watkins' judgment and sentence for driving while license revoked and remand for further proceedings consistent with this opinion.
Reversed.
FULMER, C.J., and CASANUEVA, J., Concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).