6 So.3d 1248 (2009)
E.D.P., a/k/a E.M.P., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1730.
District Court of Appeal of Florida, Second District.
March 6, 2009.
*1249 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Thirteen-year-old E.D.P. pleaded to reduced charges of burglary of a structure and grand theft of a firearm. He appeals his convictions, presenting seven issues. We find no merit in his Double Jeopardy arguments or his attack on the trial court's denial of his motion to suppress, the first, second, and seventh issues raised. We therefore affirm those without further discussion. We reverse on the remaining issues that pertain to the order of restitution for the items taken during the burglary: a knife, a firearm, a bicycle, and a laptop computer.

The Knife
At the restitution hearing, the victim testified that a valuable knife was taken during the burglary. However, the theft of the knife was not identified in the charging document or as part of the factual basis for the plea. Apparently, the first time the defendant was aware that the victim was seeking restitution for the knife was at the restitution hearing. In this circumstance, that part of the order of restitution dealing with the knife violates the principles set forth in this court's recent opinion in Malarkey v. State, 975 So.2d 538 (Fla. 2d DCA 2008).
Unfortunately, defense counsel did not object at the restitution hearing to the inclusion of the value of the knife in the restitution order. The only objection offered by defense counsel was pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), the juvenile equivalent of Florida Rule of Criminal Procedure 3.800(b)(2), *1250 by filing a motion to correct a sentencing error. The State contends, and its argument is well-taken, that such procedure is insufficient to preserve the error because it is an error in the sentencing process, not an error in the sentencing order, as recently clarified in Jackson v. State, 983 So.2d 562, 566 (Fla.2008) (holding that rule 3.800(b) "was intended to permit preservation of errors in orders entered as a result of the sentencing process  in other words, errors in cost and restitution orders, probation or community control orders, or in the sentence itself. It was not intended to abrogate the requirement for contemporaneous objections.") (resolving an interdistrict conflict; approving Gonzalez v. State, 838 So.2d 1242 (Fla. 1st DCA 2003), and approving the result but not the reasoning in Jackson v. State, 952 So.2d 613 (Fla. 2d DCA 2007)). We reach this issue despite that it was not properly preserved because we conclude the error is fundamental. See Davis v. State, 741 So.2d 1213, 1214 (Fla. 2d DCA 1999) ("[T]he error here was fundamental because to require appellant to pay restitution here would amount to imposing a punishment for an offense that appellant did not commit.").
As noted above, a Malarkey error has occurred. Therefore, we reverse that part of the restitution order representing the value of the knife.

The Firearm, The Bicycle, and The Laptop Computer
We must also reverse the remainder of the restitution order for a different reason. Due to the burglary, the victim lost a firearm, an expensive bicycle, and a laptop computer. The amount of restitution ordered for these three items is reversed because the State failed to present evidence of the elements necessary to establish fair market value, i.e., the original market cost, the manner in which the item was used, the general condition and quality of the item, and the percentage of depreciation. See Fletcher v. State, 800 So.2d 309, 310 (Fla. 2d DCA 2001) ("Absent evidence that the item taken was a family heirloom or a new automobile, for which fair market value would not adequately compensate the victim, fair market value is the valuation method to be used."). The items stolen here do not fit into the exception noted by Fletcher. The State did present some evidence on some of the elements for some of the items, but insufficiently so, failing to establish the fair market value of these items. On remand, and in the absence of an agreement on the amount of restitution, the trial court shall conduct a new evidentiary hearing to establish the amount of restitution due for these three items.
Ability to Pay Restitution
In the final meritorious issue, in which the State concedes error, E.D.P. challenges the imposition of restitution without a finding of his ability to pay. Inasmuch as there will be a new restitution order, the trial court should also take evidence and make findings to facilitate review in accord with J.A.B. v. State, 993 So.2d 1150 (Fla. 2d DCA 2008) (en banc; receding from R.S.M. v. State, 910 So.2d 361 (Fla. 2d DCA 2005); R.D.S. v. State, 844 So.2d 720 (Fla. 2d DCA 2003); and L.J.H. v. State, 627 So.2d 593 (Fla. 2d DCA 1993)). As this court outlined in J.A.B.:
[T]he trial court may set the restitution amount and payments in a reasonable amount based upon evidence regarding the earnings the juvenile may reasonably be expected to make and may set a commencement date for the payments so long as the court provides a reasonable amount of time for the juvenile to obtain employment. If the juvenile is thereafter unable to obtain appropriate employment or to otherwise afford the monthly *1251 payment despite reasonable efforts, the juvenile may present that evidence in his or her defense in any enforcement proceeding.
Id. at 1151.

Conclusion
Adjudication of delinquency and sentence of probation affirmed, order of restitution reversed, and case remanded for further proceedings.
DAVIS and LaROSE, JJ., Concur.