DAVIS, Judge.
 

 Terrance Mack Curtis challenges his judgments and sentences for possession of cocaine, possession of a controlled substance, and possession of drug paraphernalia. Curtis entered no contest pleas to the charges while appearing pro se. On appeal, he argues that the trial court failed to
 
 *760
 
 make an adequate
 
 Faretta
 

 [1]
 

 inquiry before allowing him to proceed pro se and that this was fundamental error requiring reversal. We agree.
 

 The trial court originally appointed counsel to represent Curtis in the case. However, as the case proceeded, Curtis filed a motion to dismiss his attorney, alleging that the attorney had failed to perform an adequate pretrial investigation. After conducting a Nelson
 
 [2]
 
 hearing, the trial court denied this motion. The trial court then conducted a hearing on a motion to suppress filed by defense counsel. After this motion was denied, Curtis filed a pro se motion requesting a
 
 Faretta
 
 hearing, seeking to discharge his appointed counsel and proceed pro se. In that motion Curtis also set forth new allegations of ineffectiveness on the part of his appointed counsel based on counsel’s failure to call necessary witnesses at the suppression hearing and to adequately prepare for the hearing. Curtis specifically requested that he be allowed to represent himself and identified the need for the trial court to conduct a
 
 Faretta
 
 hearing.
 

 Curtis and his appointed counsel appeared before the trial court on July 16, 2007. At the outset, the trial court noted that while the motion only requested a
 
 Faretta
 
 hearing, the allegations
 
 of
 
 ineffectiveness raised issues requiring a second
 
 Nelson
 
 hearing. After inquiring of Curtis regarding his dissatisfaction with his attorney, the trial court concluded that although counsel was not ineffective, a breakdown of the attorney-client relationship had occurred. Based on this breakdown, the trial court discharged appointed counsel and advised Curtis that conflict-free counsel would be appointed.
 

 Curtis objected because the appointment of new counsel would cause delay in the proceedings, during which he would remain in jail. He then advised the trial court that he would accept the State’s previous plea offer. Curtis’ original, discharged counsel, who was still present at the hearing, made it clear that he was not appearing as counsel for the purpose of the plea hearing. Thus Curtis represented himself during the plea colloquy, which was conducted by the State rather than the trial court.
 
 [3]
 
 During the colloquy, the State sought to establish the voluntary nature of the plea and Curtis’ awareness and understanding of the trial rights he was forfeiting by making the requisite inquiries regarding Curtis’ age, education, and mental capacity. However, no formal
 
 Faretta
 
 inquiry was ever conducted.
 

 Pursuant to Florida Rule of Criminal Procedure 3.111(d)(2), “[a] defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver.” In conducting a hearing pursuant to
 
 Faretta
 
 and rule 3.111, the trial court is “required to inquire about [the defendant’s] age, education, mental condition, and experience and knowledge of criminal proceedings. Further, the trial court [is] required to inform [the defendant] of the disadvantages and dangers of self-representation.”
 
 Watkins v. State,
 
 
 *761
 
 959 So.2d 386, 388 (Fla. 2d DCA 2007) (citing
 
 Jones v. State,
 
 658 So.2d 122, 125 (Fla. 2d DCA 1995)). It is only after the court is satisfied that the accused has made a knowing and intelligent waiver of counsel that the accused should be allowed to proceed pro se.
 
 Id.
 

 On appeal, the State argues that the plea colloquy itself not only reflects that Curtis entered his plea knowingly and intelligently but also that he knowingly and intelligently waived counsel despite the fact that a separate, formal
 
 Faretta
 
 hearing was never conducted. We do not agree. The record shows that during the plea colloquy, neither the State nor the trial court advised Curtis of the disadvantages and dangers of self-representation and that no inquiry was made regarding his familiarity with the legal system. These are the inquiries required by
 
 Faretta
 
 before the trial court may allow self-representation.
 
 Watkins,
 
 959 So.2d at 387.
 

 We note that the record before us does reflect that Curtis expressed a desire to waive counsel and enter a plea that day. Nevertheless, we must reverse because the trial court committed fundamental error by failing to fully comply with the
 
 Faretta
 
 requirements and not ensuring that Curtis’ decision was made knowingly and intelligently.
 
 See State v. B.P.,
 
 810 So.2d 918, 919 (Fla.2002) (“[E]ven absent a motion to withdraw a plea, failure to advise ... of [the] right to counsel ... is reviewable and correctable on appeal.”);
 
 Clary v. State,
 
 818 So.2d 686, 688 (Fla. 5th DCA 2002) (concluding that even if the accused waives counsel on the record, the trial court must make the inquiries required by
 
 Faretta
 
 and rule 3.111(d) in order to ensure that such waiver is knowingly and intelligently made, otherwise “[the] plea ... is fatally flawed”). Accordingly, we reverse the judgments and sentences and remand for the trial court to set aside the plea and properly advise Curtis of his right to the assistance of counsel before proceeding.
 

 Reversed and remanded with instructions.
 

 KHOUZAM and CRENSHAW, JJ., Concur.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [3]
 

 .Although the State actually conducted the colloquy and the trial court did not directly participate, we do not find that to be determinative of whether Curtis knowingly and intelligently waived his right to counsel.