PARIENTE, J.,
concurring in result.
I agree with the majority that the trial judge’s arbitrary “rounding-up” policy violated Cromartie’s right to due process, resulting in fundamental error. I concur in result, however, because in my view, the error of which Cromartie complains is a “sentencing error,” and he properly preserved that claim for appellate review by filing a rule 3.800(b) motion, in which he specifically raised this error of law as a ground for relief. Whether treated as preserved error or fundamental error, there was no barrier to the appellate court granting relief on appeal.
By its express terms, rule 3.800(b) allows a defendant to file in the trial court a motion to correct “any sentencing error.” The rule’s intent is “to ensure that sentencing errors will be corrected at the earliest possible opportunity by the trial court.” Amends, to Fla. Rules of Crim. Pro. 3.111(e) & 3.800 & Fla. Rule of App. Pro. 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1020 (Fla.1999). In Jackson v. State, 983 So.2d 562, 569, 571 (Fla.2008), we confronted the lower courts’ broad interpretation of the term “sentencing error” under rule 3.800(b), which appeared to allow challenges to any rulings that occurred at any point during the sentencing process. We disagreed with such a broad interpretation of rule 3.800(b). See Jackson, 983 So.2d at 574. In reaching that conclusion, we clarified that rule 3.800(b) was reserved only for errors in the sentence itself and could not be read so expansively as to encompass “any error that might conceivably occur during a sentencing hearing.” Id. at 573 (quoting Jackson v. State, 952 So.2d 613, 616 (Fla. 2d DCA 2007) (Stringer, J., *565 specially concurring)). However, we also cautioned against reading 8.800(b) too narrowly, stating that the rule was not limited to correcting only sentencing errors to which the defendant had no opportunity to object. Id. at 574.
We stressed in Jackson that rule 3.800(b) could also be used to correct or preserve for appeal “any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed.” Id. at 574. In other words, we held that rule 3.800(b) was a proper vehicle to preserve and correct errors during sentencing that affect or are “related to the ultimate sanctions imposed.” Id. at 573.
Based upon my reading of Jackson, I believe the majority in this case ascribes too narrow an interpretation to rule 3.800(b). Here, it is clear that the trial judge’s arbitrary “rounding-up” policy directly impacted Cromartie’s sentence — affecting and “relating] to the ultimate sanction[] imposed.” Jackson, 983 So.2d at 573. In contrast to Jackson, where the error — a partial denial of counsel at the sentencing hearing — had no effect on the defendant’s actual sentence, in this case, the trial judge’s mechanical policy during resentencing of rounding up the sentence produced an error in the sentencing order itself. After Cromartie filed his rule 3.800(b) motion, which apprised the trial judge of this error, the judge was given a chance to correct the error at the earliest possible opportunity. She failed to do so and, in fact, reaffirmed her “rounding-up” policy.
Under these circumstances, and in accord with Jackson, I conclude that the error of which Cromartie complains is a “sentencing error” for the purposes of rule 3.800(b). Therefore, the fact that Cromar-tie did not raise a specific objection to this issue at resentencing did not preclude appellate review of his claim because the error was properly preserved. See Jackson, 983 So.2d at 565 (“If it is [sentencing error], then for the error to be considered on appeal the defendant must either object at the time or file a post-sentence motion under rule 3.800(b).” (emphasis added)).
The conclusion that Cromartie’s claim of error was properly preserved is not only consistent with this Court’s decision in Jackson, but it also fosters the original intent behind rule 3.800(b) to ensure that sentencing errors are remedied at the earliest possible opportunity by the trial court, which is best able to investigate and correct such errors. Therefore, because the error was properly preserved, there is no need to analyze the issue before us as one of fundamental error. Nevertheless, under either analysis, reversible error occurred, and I therefore concur in the result.