PER CURIAM.
Scott Henretty presents a timely claim of ineffective assistance of appellate counsel. He correctly maintains that, in his appeal to this court in 2011, see Henretty v. State, 75 So.3d 722 (Table) (Fla. 1st DCA 2011), his appellate counsel was ineffective for failing to argue that the trial court erred by not renewing the offer of counsel at the entry of his guilty plea and again at sentencing. At the time the petitioner entered his guilty plea and was sentenced, he was proceeding pro se, having previously dismissed his attorney and been *56 found competent to represent himself at trial. The trial court accepted his guilty plea and imposed sentence without renewing the offer of counsel as required by Florida Rule of Criminal Procedure 3.111(d)(5).
A trial court must renew the offer of counsel at every critical stage of the proceedings, including the entry of a plea and sentencing. The failure to do so ordinarily constitutes fundamental error. See Jackson v. State, 983 So.2d 562, 575 (Fla.2008); Smith v. State, 41 So.3d 1081 (Fla. 2d DCA 2010); Curtis v. State, 32 So.3d 759 (Fla. 2d DCA 2010); Monte v. State, 51 So.3d 1196, 1201 (Fla. 4th DCA 2011); Clary v. State, 818 So.2d 686, 688 (Fla. 5th DCA 2002); Beard v. State, 751 So.2d 61, 62 (Fla. 2d DCA 1999). Therefore, the petitioner’s appellate counsel rendered ineffective assistance of appellate counsel by failing to raise this issue. See Traylor v. State, 596 So.2d 957 (Fla.1992); Blane v. State, 987 So.2d 241 (Fla. 1st DCA 2008); see also Miller v. State, 887 So.2d 437 (Fla. 1st DCA 2004).
We grant the petitioner a new appeal. A copy of this opinion shall be filed with the trial court and treated as the notice of appeal. If the petitioner qualifies for appointed counsel, the trial court shall appoint new counsel to represent petitioner on appeal.
Reversed and remanded.
PADOVANO, ROWE, and OSTERHAUS, JJ„ concur.