IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONALD OTIS WILLIAMS,

      Petitioner,

 v.                                         Case No. 5D16-2358

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed March 24, 2017

Petition Alleging Ineffectiveness
of Appellate Counsel,
A Case of Original Jurisdiction.

Donald Otis Williams, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent.


WALLIS, J.

      Donald Otis Williams filed a petition pursuant to Florida Rule of Appellate

Procedure 9.141(d), alleging that his appellate counsel provided ineffective assistance by

not raising a claim that the trial court failed to offer counsel for the sentencing portion of

his violation of probation hearing.[1] We grant the petition and remand for further proceedings consistent with this opinion.

When reviewing a petition alleging ineffective assistance of appellate counsel, "we must determine whether counsel's performance was deficient and, if so, whether 'the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.'" Pierce v. State, 121 So. 3d 1091, 1093 (Fla. 5th DCA 2013) (quoting Lopez v. State, 68 So. 3d 332, 333 (Fla. 5th DCA 2011)). Our court has held:

> [I]f a defendant waives the right to counsel at any stage of the criminal proceedings, the trial court must renew the offer of assistance of counsel at each subsequent stage of the proceedings. Sentencing is a critical stage in criminal proceedings; and, even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel.

Hays v. State, 63 So. 3d 887, 888 (Fla. 5th DCA 2011) (alteration in original) (quoting Hardy v. State, 655 So. 2d 1245, 1247–48 (Fla. 5th DCA 1995)); see also Fla. R. Crim. P. 3.111(d)(5) ("[I]f a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel."). A trial court's failure to offer counsel for sentencing ordinarily constitutes fundamental error. Jackson v. State, 983 So. 2d 562, 575 (Fla. 2008). Thus, appellate counsel provides ineffective assistance by not raising the issue on appeal. Henretty v. State, 146 So. 3d 55, 56 (Fla. 1st DCA

---

[1] Petitioner raises two additional claims of ineffective assistance of appellate counsel that we deny without further discussion.

2014) (finding appellate counsel ineffective and ordering a new appeal); <u>Blane v. State</u>, 987 So. 2d 241, 241 (Fla. 1st DCA 2008) (same).

The record reflects that the trial court offered to appoint Williams counsel at the outset of the violation of probation hearing, but Williams declined. However, after finding that Williams violated his probation, the trial court immediately proceeded to sentencing before renewing the offer for counsel. The trial court's failure to renew the offer is fundamental error, which, if raised on appeal, would have resulted in a reversal and remand for a new sentencing hearing. <u>See</u> <u>Henretty</u>, 146 So. 3d at 56. We note that, under these circumstances, appellate courts often grant the petitioner a new appeal. <u>See id.</u> Nonetheless, having already determined that the trial court erred by failing to renew the offer for counsel, we find that ordering a new appeal would result in unnecessary redundancy. <u>See</u> <u>Johnson v. Wainwright</u>, 498 So. 2d 938, 939 (Fla. 1986) ("In this instance, however, a new appeal would be redundant because we acknowledge that reversible error occurred at trial."); <u>accord</u> <u>Hampton v. State</u>, 178 So. 3d 921, 922 (Fla. 5th DCA 2015); <u>Pierce v. State</u>, 121 So. 3d 1091, 1094 (Fla. 5th DCA 2013); <u>Disinger v. State</u>, 574 So. 2d 268, 269 (Fla. 5th DCA 1991). Therefore, we grant the petition and remand with instructions to vacate Williams's sentence and to hold a new sentencing hearing at which the trial court must offer to appoint Williams counsel.


PETITION GRANTED; REMANDED with Instructions.


COHEN, C.J. and ORFINGER, J., concur.

3