# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1293
LT Case No. 2020-CF-4668-A

_____

NEELY PETRIE-BLANCHARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Lisa Diane Herndon, Judge.

Matthew J. Metz, Public Defender, and Robert J. Pearce, III, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M. Williams, Assistant Attorney General, Daytona Beach, for Appellee.

May 1, 2026

PER CURIAM.

Neely Petrie-Blanchard was offered a lawyer but voluntarily represented herself at trial, which resulted in her conviction of first-degree murder. She was not offered a lawyer to represent her at the sentencing phase, however, where she was given a

mandatory life sentence. Because the failure to renew the offer of a lawyer at sentencing was fundamental error, reversal is required.[1]

For three and a half years, Petrie-Blanchard was represented by private counsel, but a month before trial she dismissed her attorney and sought to represent herself. The trial court conducted an adequate *Faretta*[2] inquiry and allowed her to proceed pro se. Prior to trial, as well as the first day of trial, the trial court confirmed that Petrie-Blanchard wished to proceed pro se and renewed the offer of counsel, as is legally required. *See State v. Bowen*, 698 So. 2d 248, 250–51 (Fla. 1997) (outlining the requirements for conducting an adequate *Faretta* inquiry); *Richardson v. State*, 325 So. 3d 1012, 1015 (Fla. 1st DCA 2021) (finding renewal of counsel "must occur at a critical stage of the proceedings that is separate and distinct from the other parts of the trial"); Fla. R. Crim. P. 3.111(d)(5) (noting it is the duty of the trial court to renew the offer of counsel "at each subsequent stage of the proceedings at which the defendant appears without counsel").

On the last day of trial, following the jury verdict, the trial court proceeded immediately to sentencing but failed to renew the offer of counsel, which is generally fundamental error. *See Williams v. State*, 215 So. 3d 1248, 1249 (Fla. 5th DCA 2017) ("A trial court's failure to offer counsel for sentencing ordinarily constitutes fundamental error."); *Jackson v. State*, 983 So. 2d 562, 566 (Fla. 2008) (noting "denial of counsel for an entire sentencing proceeding would constitute fundamental error"); *Gonzalez v. State*, 838 So. 2d 1242, 1243 (Fla. 1st DCA 2003) (noting "the denial of the right to counsel is fundamental error"); *Smith v. State*, 41 So. 3d 1081, 1088 (Fla. 2d DCA 2010) (finding per se reversible error where "trial judge did not renew the offer of assistance of counsel" to the defendant at sentencing and citing to *Jackson*). As our Court has held:

---

[1] We affirm without comment the other two issues raised on appeal.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

> If a defendant waives the right to counsel at any stage of the criminal proceedings, the trial court must renew the offer of assistance of counsel at each subsequent stage of the proceedings. Fla. R. Crim. P. 3.111(d)(5). Sentencing is a critical stage in criminal proceedings; and, even if a defendant does not request appointment of counsel, this omission is not considered a knowing waiver of the right to counsel.

*Hardy v. State*, 655 So. 2d 1245, 1247–48 (Fla. 5th DCA 1995); *see also Chestnut v. State*, 578 So. 2d 27, 28 (Fla. 5th DCA 1991) (same).

The State says the failure to renew the offer of counsel for sentencing was harmless error because Petrie-Blanchard was subject to a mandatory life sentence. But, as just stated, the failure to renew the offer of counsel at sentencing is generally fundamental error that cannot be considered harmless. Even so, the state of the law is that when a defendant faces a mandatory or predetermined sentence, the defendant has the right to be represented by counsel. *See Sanders v. State*, 787 So. 2d 264, 264–65 (Fla. 2d DCA 2001) (reversing and remanding for resentencing after trial court imposed a life sentence without a hearing, even though "the only sentencing option available to the trial court was the imposition of a sentence for life imprisonment"). Additionally, "the length of a convicted defendant's sentence is not the only issue that may arise at a sentencing hearing." *Sandoval v. State*, 884 So. 2d 214, 216 (Fla. 2d DCA 2004). Even where a defendant may face a predetermined sentence in his or her sentencing hearing,

> counsel might have filed a motion for new trial under Florida Rule of Criminal Procedure 3.600; a motion for arrest of judgment under Florida Rule of Criminal Procedure 3.610 on the grounds that the information was so defective it would not support a conviction, that the court lacked jurisdiction, that the verdict was uncertain, or that the defendant was convicted of an offense not charged; or a motion to have a lesser conviction entered under Florida Rule of Criminal Procedure 3.620 if the

evidence did not sustain the verdict. Counsel would have assessed whether there was any reason why sentence could not be imposed under Florida Rule of Criminal Procedure 3.720, such as the defendant's insanity, the defendant's pardon, that the defendant was not the person convicted, or that the defendant was pregnant (the last being obviously irrelevant as to this defendant but not as to all defendants who might be facing mandatory sentences). The court at sentencing might also be determining the award of credit for jail time, restitution, and the imposition of a lien for the public defender's services. Counsel has the responsibility to make such objections at sentencing as may be necessary to keep the defendant's case in an appellate pipeline. And at sentencing, as this court has previously recognized, "[t]he advisability of an appeal must then, or shortly, be determined." *Evans v. State,* 163 So. 2d 520, 522 (Fla. 2d DCA 1964) (quoting *Martin v. United States,* 182 F.2d 225, 227 (5th Cir. 1950)). These responsibilities apply equally, if not more so, to a defendant facing a mandatory sentence of life in prison.

*Id.* at 216 n.1 (citation modified). The reason why the renewal of the offer of counsel is required is straightforward: the requirement of a mandatory sentence does not negate a criminal defendant's constitutional right to counsel as to other aspects of the sentencing process. *Id.* at 216 ("Otherwise, the mere fact of a mandatory sentence would nullify a defendant's constitutional right to counsel.").

Accordingly, Petrie-Blanchard's judgment is AFFIRMED, but we REVERSE her sentence and REMAND for resentencing with either appointed counsel or waiver of the right to counsel.


MAKAR and SOUD, JJ., concur.
EISNAUGLE, J., concurs in part and concurs in result with opinion.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

EISNAUGLE, J., concurring in part and concurring in result.

I agree that we must reverse Appellant's sentence because the trial court failed to re-offer counsel prior to sentencing. Our decision in *Williams v. State* concludes that this error is fundamental. 215 So. 3d 1248, 1249 (Fla. 5th DCA 2017) (considering the issue in the context of an ineffective assistance of appellate counsel claim). The majority's harmless error discussion is therefore unnecessary. *See Johnson v. State*, 833 So. 2d 252, 255 (Fla. 4th DCA 2002) ("An error which is so significant as to be fundamental . . . cannot also be harmless."). I do not join that part of the majority's opinion.