709 So.2d 172 (1998)
Wayne BEATON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0812.
District Court of Appeal of Florida, Fourth District.
April 1, 1998.
Rehearing Denied May 11, 1998.
*173 Charles W. Musgrove, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Maya Saxena and Douglas Gurnic, Assistant Attorneys General, Fort Lauderdale, for appellee.
POLEN, Judge.
Appellant Wayne Beaton appeals his conviction of burglary while armed and wearing a mask, grand theft, and four counts of dealing in stolen property. Among his five points raised, he alleges the trial court erred in denying his request to represent himself and in convicting him of both theft and dealing in the same stolen goods. We agree and reverse accordingly as to both these points.
An accused has the right to self-representation so long as the right to the assistance of counsel is knowingly and intelligently waived. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In this regard, the trial court must conduct a thorough inquiry into the defendant's capacity to make an intelligent and understanding waiver. Fla.R.Crim.P. 3.111(d) (1995). The court is not required to inquire into the defendant's competence to represent himself. See Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2686, 125 L.Ed.2d 321 (1993) (quoted in Hill v. State, 688 So.2d 901, 905 (Fla.1996), cert. denied, ___ U.S. ___, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997)).
While we believe the better practice is for trial judges to make a formal inquiry under Faretta before concluding that the defendant is not competent to waive his right to counsel, we acknowledge that, often, as in this case, a judge's familiarity with a particular defendant may prompt him to conclude *174 that that defendant is not competent to waive that right. Notwithstanding such familiarity, Faretta still requires the judge to make a sufficient record that indicates how the defendant's background, including his age, mental status, and education, affects his competency to waive his right to counsel.
Here, the record reflects that the trial judge was familiar with Beaton because of other cases in which Beaton had appeared before him. Based on this familiarity, the judge summarily concluded that, due to Beaton's overall lack of knowledge of trial procedure, he would not receive a fair trial if he were allowed to represent himself. As the judge based his decision on Beaton's competence to represent himself, as opposed to his competence to waive his right to counsel, and failed to lay a proper record to satisfy Faretta, we find that denial of Beaton's request was an abuse of discretion. See State v. Bowen, 698 So.2d 248 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 865, 139 L.Ed.2d 763, 66 U.S.L.W. 3473 (1998); Hill v. State, 688 So.2d at 905.
We also reverse based on Beaton's conviction for both theft and dealing in the same stolen goods. As the state properly concedes, his conviction on both charges violates double jeopardy under section 812.025, Florida Statutes (1995).
We reject Beaton's argument, however, that the trial court should have suppressed his confession based on the failure of the officers in question to have reread his Miranda rights before questioning him about the burglary of the victim below.[1] Although he waived his rights after he was initially stopped, albeit for a different crime than that with which he was charged below, he contends the officers were required to readvise him of his rights once their line of questioning changed. We disagree, since Miranda does not require that, "after effective waiver, each individual questioning the defendant during a single continuing session of interrogation must, prior to asking any questions, readvise the defendant of his Miranda rights." Enriquez v. State, 449 So.2d 845, 848 (Fla. 3d DCA 1984); see also Nixon v. State, 572 So.2d 1336 (Fla.1990).
As to the other points raised on appeal, we affirm.
AFFIRMED in part, REVERSED in part and REMANDED for a new trial in accordance with this opinion.
STONE, C.J., and GUNTHER, J., concur.
NOTES
[1] Beaton has raised this argument numerous times in his six appeals before this court. We have already rejected this argument twice in case numbers DN 97-0726 and DN 97-0725.