937 So.2d 1279 (2006)
Bryon REDDICK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4591.
District Court of Appeal of Florida, Fourth District.
October 4, 2006.
*1280 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Bryon Reddick was charged with trafficking in cocaine, possession of cannabis (misdemeanor), and resisting an officer without violence (misdemeanor). A jury found Reddick guilty as charged on the cocaine trafficking count and the possession of cannabis count and not guilty of the resisting without violence count. Reddick appeals on three grounds. We write to address the denial of Reddick's motions to dismiss counsel and proceed pro se. We reverse on this ground and affirm in all other respects.
Prior to trial, Reddick filed motions to dismiss his counsel and proceed pro se. The trial court held a hearing on the motions. At the hearing, Reddick expressed his desire to dismiss his counsel and proceed pro se. The trial court conducted the following colloquy and denied Reddick's motions:
COURT: Mr. Reddick, you've indicated to the Court that you would rather represent yourself 
REDDICK: I would, Your Honor.
COURT: than have Mr. O'Connell represent you. Why don't you tell me your experience in court and your education.
REDDICK: I haveI done have extensive education.
COURT: How far did you go in school?
REDDICK: I obtained a GED while I was incarcerated.
COURT: A GED?
REDDICK: Yes, sir. Prior to that, I only was in the sixth grade.
COURT: Have you ever sat through a trial before?
REDDICK: No, I haven't.
COURT: Have you ever studied any law to understand professionallyto understand, *1281 for example, how to pick a jury?
REDDICK: No, I haven't.
COURT: Have you ever attempted or studied to see how you would examine a witness or how 
REDDICK: No, I haven't.
COURT: or how you would address a jury on behalf of yourself?
REDDICK: No, sir, I haven't.
COURT: Mr. Gallagher, for example, has been an attorney for what, in excess of 25 years?
STATE: About a hundred years.
COURT: Close to a hundred, I misspoke. Obviously very skilled, very talented lawyer.
REDDICK: I understand.
COURT: How are you going to represent yourself and give yourself a fair day in court with your total lack of qualifications and ability?
REDDICK: I haven't thought about it, but II don't feel comfortable going to trial with Mr. O'Connell.
COURT: All right. The Court declines Mr. Reddick's offer to proceed pro se.
STATE: Thank you, Judge.
COURT: The Court, having conducted a Faretta inquiry, determines that Mr. Reddick doesn't have the qualifications, skills, or experience to completely or effectively represent himself.
Thereafter, Reddick filed another set of motions seeking to dismiss his counsel and proceed pro se. The trial court held a hearing on these motions. Reddick indicated at the beginning of the hearing that he was asking to represent himself. The trial court conducted the following colloquy and again denied Reddick's motions:
COURT: Why don't you tell me your experience in handling criminal matters as far as trial or case preparations?
REDDICK: I have none. I can't have Mr. O'Connell. There is a conflict of interests. I don't feel I'll be adequately represented by Mr. O'Connell.
COURT: You voiced that for whatever attorney has been appointed to represent you.
REDDICK: As Your Honor Judge Gates stated, he found Mr. O'Connell competent. For one reason, he's telling me things he's going to do in court he doesn't do, he seems to not be able to remember things. I don't want to go to trial with him.
COURT: Let's talk about your ability to represent yourself.
You have filed a motion, requesting you have the opportunity to represent yourself.
You understand you're looking at some serious time if convicted, mandatory minimum of 15 years, minimum mandatory, if you are convicted.
How far did you go in school?
REDDICK: I have a GED.
COURT: How long ago did you get it?
REDDICK: Federal prison.
COURT: When?
REDDICK: When I was incarcerated.
COURT: How many times have you actually sat through a trial?
REDDICK: Never. Never sat through a trial.
COURT: How many times, other than these cases, have you been in court?
REDDICK: A few times. I can't be specific.
COURT: Have you ever represented yourself before?
REDDICK: No, but in federal court, I have had the court assist my counsel while I was in federal custody.

*1282 COURT: Now, this case is set for jury trial. Tell me what you know about evaluating a jury.
REDDICK: It will be a first experience for me.
COURT: Do you know anything about the mechanics of how to do it or question a jury so one can be selected that can be fair and impartial to both you as well as the State?
REDDICK: No, I don't.
COURT: Do you know the process of exercising peremptory challenges or what may constitute a challenge for cause?
REDDICK: No, I don't.
COURT: Do you know how to make an opening statement and to tell the jury what evidence you believe will be presented and what will be admissible or acceptable in that opening statement as opposed to what will not be?
REDDICK: If presented with, I believe I could.
COURT: Do you know how to examine witnesses, cross-examine witnesses?
REDDICK: I believe I could if the time came, I believe I would be able to.
COURT: Tell me what you know about making objections, what you know about the case law and legal issues involved in making a proper objection.
REDDICK: I mean could you be, you say case law, case law, I'm asking if you can be more specific?
COURT: There are certain grounds and comments that a witness may make, certain issues if something is brought into evidence that may be objected to. Those objections are founded either by statute, rules or case law.
REDDICK: Wouldn't that be like discovery, though?
COURT: No, sir.
REDDICK: Oh.
* * *
COURT: Mr. Reddick, I'm confident, from your testimony, that you have plenty of case law. As a matter of fact, you probably have too much because you probably don't have things applicable or relevant to what you're working on.
REDDICK: Correct.
COURT: One of the other things I'm confident of also is you don't have the first idea what to do with them.
REDDICK: I don't but address them to counsel and expect him to handle it, which he hasn't.
COURT: The issue of whether or not you're competent to represent yourself is clear. You're not.
You don't have the wherewithal to properly prepare your defenses and to represent yourself. You're being prosecuted by not just an attorney but the head of the drug trafficking unit, who's been an assistant state attorney for as long as I can remember, in excess of 25 years and who is a very experienced trial attorney.
In order for you to have your rights protected, you also need to be represented by someone who is experienced 
REDDICK: And effective.
COURT: And competent.
And you know something, the Court appointed someone of that caliber and quality to represent you.
The Court is absolutely confident, in knowing Mr. O'Connell and seeing him work, that he will give you the best defense you're entitled to.
REDDICK: Your Honor, if I may speak, Your Honor?

*1283 COURT: Yes.
* * *
REDDICK: I demand my right to represent myself.
COURT: Mr. Reddick, you have a month from now to get yourself educated.
REDDICK: Right.
COURT: And if you show me, come August 16th, that you are sufficiently educated to represent yourself, that you're ready to go to trial on that day, and I'll reconsider it. I'll tell you what, look you square in the face and Mr. O'Connell and everyone else, August 16th, 32 days from now, you're going to trial.
REDDICK: If I have to go by myself, I will.
COURT: This case is now, in September, it will be three years old.
And one of the reasons it is three years old is because of these repetitive motions you filed on counsel and made it difficult for anyone to properly represent you.
Mr. O'Connell is your lawyer. I'm telling you that, cautioning you that. Absent hearing something that shows me that you have really been able to study and figure out how to represent yourself, this Court is not going to have you representing yourself when you have not shown the Court an iota of ability to do so.
The standard of review applicable to trial court rulings on motions seeking the right to self-representation in a criminal trial is abuse of discretion. See Wheeler v. State, 839 So.2d 770, 771 (Fla. 4th DCA 2003); Beaton v. State, 709 So.2d 172, 174 (Fla. 4th DCA 1998).
In order for a defendant to be permitted to represent himself, he must "knowingly and intelligently" forgo his constitutional right to counsel. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Furthermore:
Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."
Id. (internal citations omitted). As such, "a trial judge is required to conduct a Faretta inquiry before allowing a defendant in a criminal case to proceed without counsel." State v. Young, 626 So.2d 655, 655 (Fla.1993). "Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel." Fla. R.Crim. P. 3.111(d)(3).
Additionally, as discussed in State v. Bowen, 698 So.2d 248 (Fla.1997):
Based on the foregoing, we hold that once a court determines that a competent defendant of his or her own free will has "knowingly and intelligently" waived the right to counsel, the dictates of Faretta are satisfied, the inquiry is over, and the defendant may proceed unrepresented. See Fla. R.Crim. P. 3.111. The court may not inquire further into whether the defendant "could provide himself with a substantively qualitative defense," Bowen [v. State], 677 So.2d [863] at 864 [(Fla. 2nd DCA 1996)], for it is within the defendant's rights, if he or she so chooses, to sit mute and mount no defense at all.
* * *

*1284 Where a competent defendant "knowingly and intelligently" waives the right to counsel and proceeds unrepresented "with eyes open," he or she ipso facto receives a "fair trial" for right to counsel purposes. As for Mr. Bowen, no citizen can be denied the right of self-representationor any other constitutional rightbecause he or she has only a high school diploma.
Id. at 251, 252. This Court has likewise held that a defendant's lack of legal experience or post-secondary education is not a consideration under Faretta. See McKinney v. State, 850 So.2d 680, 682 (Fla. 4th DCA 2003) ("The trial court can lead a defendant to the water of an intelligent decision about the dangers of self-representation, but it cannot make him drink."); Wheeler, 839 So.2d at 772; Beaton, 709 So.2d at 174.
Faretta requires the trial court to inquire into whether a defendant's desire to defend himself is "knowing and intelligent." As part of this inquiry, the trial court can and should inform the defendant of the potential perils and pitfalls of self-representation. However, the trial court cannot, despite the possible impact of these perils and pitfalls on a defendant lacking legal knowledge and advanced education, conclude that the defendant cannot represent himself once he is aware of the danger and chooses to proceed with "eyes open."
The trial court in the present case failed to make the necessary finding under Faretta that Reddick knowingly and intelligently sought to waive his right to counsel. Instead, the trial court considered Reddick's competence to represent himself, although not a subject of inquiry under Faretta, perhaps in a noble attempt to interpose itself between Reddick and any upcoming danger. Because of these errors, we reverse and remand for a new trial before which the trial court should, if Reddick again seeks to represent himself, conduct a Faretta inquiry limited to his knowing and intelligent acceptance of the perils and pitfalls of self-representation.
Reversed and Remanded.
GUNTHER, FARMER and GROSS, JJ., concur.