983 So.2d 1212 (2008)
James McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3033.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
*1213 James S. Purdy, Public Defender, and Edward J. Weiss, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
This appeal arose from an order of the trial court holding that the appellant, James McGee, violated his probationary placement, and sentencing him to prison. The sole issue raised is whether the trial court committed fundamental error in failing to conduct a Faretta[1] hearing pursuant to rule 3.111(d)(2), Florida Rules of Criminal Procedure. We conclude that the trial court's inquiry failed to satisfy either Faretta or the rule, and reverse.
As part of a plea agreement with respect to a number of criminal offenses, Mr. McGee was placed on probation. He was later charged with violating his probation, principally by committing new crimes that *1214 mainly involved the sale and use of cocaine. Prior to his violation of probation hearing, Mr. McGee indicated unequivocally to the trial court that he wanted to discharge his court-appointed defense counsel. After inquiry, the trial judge found no basis to conclude that defense counsel was ineffective, and then said the following:
Court: If you wish him removed from the case, then you will have to represent yourself and we are going to hearing today, Sir, so you decide. If you want Mr. Henderson fired, that means you're going to be representing yourself here, do you understand, Sir?
McGee: Yeah.
The Court: What do you want to do?
McGee: I want to fire him.
The Court: Alright, thank you, Mr. Henderson.
Mr. Henderson: Thank you, Judge.
The Court: Are you going to standby?
Mr. Henderson: Absolutely.
The Court: Okay.
No other inquiry on this subject was made by the court.
Undoubtedly, competent criminal defendants have the constitutional right to refuse to have professional counsel represent them, and instead to represent themselves. See Faretta; James v. State, 974 So.2d 365, 367 (Fla.2008). Before the election for self-representation can be made, however, the trial court has an obligation to assure that the waiver of counsel is knowing, intelligent, and voluntary. See Reddick v. State, 937 So.2d 1279, 1283 (Fla. 4th DCA 2006); see also Durocher v. Singletary, 623 So.2d 482, 485 (Fla.), cert. denied, ___ U.S. ___, 114 S.Ct. 23, 125 L.Ed.2d 774 (1993). Faretta, accordingly, compels a court-directed inquiry of the defendant to assure that he or she is "aware of the dangers and disadvantages of self-representation." Faretta, 422 U.S. at 835, 95 S.Ct. 2525.
Consistent with this requirement, the Florida Supreme Court has adopted rule 3.111(d)(2) of the Florida Rules of Criminal Procedure, which states:
A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
As an aid to the application of this rule, our Supreme Court has published a model colloquy designed to allow the trial judge to learn of the defendant's age, education and mental and physical abilities and conditions, and to advise him or her how a lawyer can be of assistance. The colloquy also assures that the accused will be warned that he or she will not get special treatment, and will have only limited available resources, if incarcerated, to aid in the defense. See In re Amendment to Fla. R. Crim. P. 3.111(d)(2)-(3), 719 So.2d 873, 876-77 (Fla.1998).
The waiver inquiry in the present case obviously falls far short of meeting the minimum standard of the rule. Our high court has acknowledged, however, that while a waiver hearing is the preferred method of addressing the disadvantages of self-representation, it is not an absolute necessity. See Rogers v. Singletary, 698 So.2d 1178, 1181 (Fla.1996). Rather, the point of the inquiry is to determine the defendant's substantive "understanding of the disadvantages and dangers of self-representation" referenced in the rule. Perhaps, for example, the trial *1215 court is very familiar with the defendant and his or her understanding of the criminal process, as well as the proceedings governing it, and is satisfied with the sufficiency of the waiver. Perhaps there are other factors that might suggest that the trial court and any reviewing court can be assured that a particular defendant has made a knowing waiver, and possesses the necessary comprehension of the disadvantages and dangers of self-representation to satisfy Faretta. If so, Faretta and the rule require that the trial court make a sufficient record indicating "how the defendant's background, including his age, mental status, and education, affects his competency to waive his right to counsel." See Flowers v. State, 976 So.2d 665, 666 (Fla. 1st DCA 2008), citing Beaton v. State, 709 So.2d 172, 173-74 (Fla. 4th DCA), cause dismissed, 718 So.2d 166 (1998); Smith v. State, 956 So.2d 1288 (Fla. 4th DCA 2007).
Here, the Faretta inquiry was inadequate, and there is nothing in the record to make up for the shortfall. Moreover, the fact that his former counsel acted as stand-by counsel does not in this instance meet the constitutional requirements underscored by Faretta. Accordingly, we reverse the judgment and sentence, and remand this cause to the trial court for a new violation of probation hearing.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).