16 So.3d 1035 (2009)
Michael O. GOLDSMITH a/k/a Derrick Owen Goldsmith, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-3951.
District Court of Appeal of Florida, Second District.
September 9, 2009.
*1036 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Michael O. Goldsmith a/k/a Derrick Owen Goldsmith appeals the denial of his motion to withdraw plea, contending that the proceedings on remand from his prior appeal continued the violation of his right to self-representation that the first appeal sought to correct. We agree and therefore must reverse and remand for a de novo hearing on Goldsmith's motion before a new judge.
Goldsmith was charged with robbery, attempted robbery, possession of cocaine, and opposing an officer without violence for events that occurred on November 20, 2000. After a period during which Goldsmith was found incompetent to proceed, his competency was restored on October 15, 2003. On that same day, Goldsmith entered a plea of guilty to the charges as part of a negotiated plea agreement with the State, and he was sentenced to fifteen years as a prison releasee reoffender on the robbery count, five years as a prison releasee reoffender on the attempted robbery count, five years on the possession of cocaine count, and time served on the opposing count.
Eight days later, Goldsmith filed a pro se motion to withdraw his plea, alleging that his plea was not knowingly and voluntarily entered. Shortly thereafter, he filed an amended motion contending that his plea was involuntary because he was suffering the effects of medication when he entered it and because his attorney did not explain the proceedings to him, did not review the State's plea offer with him, pressured and coerced him into accepting the plea offer, and misled him into believing that a motion to suppress had been filed and denied when, in fact, no such motion had ever been filed. As required, the trial court properly appointed conflict-free counsel and scheduled an evidentiary hearing on Goldsmith's motion. Newly appointed counsel subsequently filed a second amended motion to withdraw plea, which adopted the majority of Goldsmith's pro se arguments.
At the start of the hearing on the motion to withdraw his plea, Goldsmith told the court that he did not believe that his counsel was adequately prepared for the hearing, and he asked that the hearing be continued and new counsel appointed. Goldsmith told the court that he had also recently discovered that his initials had been forged on the plea agreement and he had asked his counsel to investigate this matter, but counsel had refused to do so. The trial court denied Goldsmith's motion for new counsel and refused to continue the hearing. Goldsmith then told the court that he wanted to represent himself, and he requested a continuance so that he could retain a handwriting expert in support of his newly alleged forgery claim. The trial court again denied the request for continuance, and it ignored Goldsmith's request to represent himself.
During the hearing, counsel presented evidence in support of the grounds alleged in the second amended motion to withdraw *1037 plea, but not on Goldsmith's forgery claim. As the hearing progressed, Goldsmith repeatedly requested permission to represent himself; however, the court continued to ignore these requests, and it subsequently denied relief based on the grounds raised in Goldsmith's second amended motion to withdraw his plea.
On appeal, this court held that the trial court had erred by failing to hold a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), in response to Goldsmith's repeated requests to represent himself. See Goldsmith v. State, 937 So.2d 1253 (Fla. 2d DCA 2006). Thus, this court reversed and remanded "for further proceedings consistent with this opinion." Id. at 1257. In its opinion, this court did not specify what "further proceedings" might be required since that determination hinged on the outcome of the Faretta hearing.
On remand, the trial court held a Faretta hearing and determined that Goldsmith had knowingly and voluntarily waived his right to be represented by counsel. However, the trial court then refused to rehear the grounds raised in Goldsmith's second amended motion to withdraw his plea. The trial court found that no new hearing was needed on those grounds because counsel had not been ineffective at that hearing and those proceedings had been fair. The trial court did agree to hold a hearing on Goldsmith's forgery claim because that issue had not been addressed at the prior hearing. At the hearing on the forgery claim, the trial court permitted Goldsmith to represent himself, but it refused to consider Goldsmith's proffered evidence and refused to allow him to argue.
After this second hearing but before ruling on Goldsmith's forgery claim, the trial court granted Goldsmith's motion to disqualify the trial judge, and a successor judge was assigned. The successor judge denied Goldsmith's motion to reconsider the rulings made by the prior judge. The successor judge subsequently entered an order reaffirming the prior judge's rulings on the claims considered at the pre-Faretta hearing and denying for the first time his forgery claim. Goldsmith now appeals this new order, contending that the trial court erred on remand by refusing to hold a de novo hearing on all of the grounds raised in his motion to withdraw plea at which he could represent himself.
In Faretta, the Supreme Court recognized that both the Sixth and Fourteenth Amendments to the United States Constitution require that a defendant be permitted to represent himself if he knowingly and voluntarily chooses to do so. Faretta, 422 U.S. at 819-20, 95 S.Ct. 2525; see also Tennis v. State, 997 So.2d 375, 378 (Fla. 2008) ("[T]he `Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so."'" (quoting Indiana v. Edwards, ___ U.S. ___, 128 S.Ct. 2379, 2383, 171 L.Ed.2d 345 (2008))). In so holding, the Supreme Court noted:
An unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense.
Faretta, 422 U.S. at 821, 95 S.Ct. 2525. Accordingly, "[i]n forcing Faretta, under these circumstances, to accept against his will a state-appointed public defender, the California courts deprived him of his constitutional right to conduct his own defense." Id. at 836, 95 S.Ct. 2525. Because of this constitutional error, the Supreme *1038 Court vacated the judgment against Faretta and remanded for further proceedings.
The rationale underlying the Faretta decision is that the defendant has a constitutional right to conduct his own defense without the benefit of counsel. Id. at 814, 95 S.Ct. 2525. This right includes "the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence." Id. at 818, 95 S.Ct. 2525. If a trial court improperly denies a defendant these rights, the only proper remedy is to have a new proceeding at which the defendant is permitted to exercise them. This necessarily requires a proceeding at which the defendant pro se can call and interrogate witnesses, cross-examine unfavorable witnesses, and introduce evidence. See, e.g., Tennis, 997 So.2d at 379-80 (holding that the failure to hold a Faretta hearing is per se reversible error and reversing the defendant's conviction, vacating his death sentence, and remanding for a new trial); Fleck v. State, 956 So.2d 548, 549 (Fla. 2d DCA 2007) (reversing and remanding for a new trial after the trial court failed to hold a Faretta hearing and requiring the trial court to allow the defendant to represent himself on remand should he again choose to do so); Reddick v. State, 937 So.2d 1279, 1284 (Fla. 4th DCA 2006) (reversing and remanding for a new trial at which the defendant could represent himself after the trial court failed to hold a proper Faretta hearing); Kearse v. State, 605 So.2d 534, 538 (Fla. 1st DCA 1992) (same).
Here, the trial court failed to hold a Faretta hearing after Goldsmith specifically requested that he be permitted to proceed pro se. Instead, the trial court went forward with the hearing on Goldsmith's motion to withdraw his plea and required Goldsmith to proceed through counsel. On remand from Goldsmith's successful appeal, while the trial court held a Faretta hearing and determined that Goldsmith should have been permitted to represent himself, it nevertheless refused to hold a new hearing on the claims it had previously considered. Thus, despite acknowledging Goldsmith's right to self-representation under Faretta, the trial court again denied Goldsmith the right to call and examine favorable witnesses, cross-examine adverse witnesses, and introduce evidence on his own as a pro se litigant. In other words, the remedy required by our mandateto hold a Faretta hearing and allow pro se representation if warranted was given no substantive application. Thus, we must reverse the order on appeal and remand for a de novo hearing on the claims raised in Goldsmith's motion and amended motions to withdraw his plea.
It appears from the record that the trial court refused to re-hear Goldsmith's original claims on remand because it believed that this court's opinion did not specifically require it to do so. While perhaps technically correct, this overly literal reading of this court's mandate was clearly in contrast with its intent. Strictly speaking, Goldsmith's entitlement to self-representation depended on the outcome of the Faretta hearing. Thus, the new hearing on Goldsmith's motion to withdraw his plea became necessary only after the trial court held the Faretta hearing and determined that Goldsmith had knowingly and voluntarily waived his right to be represented by counsel. Once the trial court determined after a proper Faretta hearing that Goldsmith had knowingly and voluntarily waived his right to counsel, the only way to vindicate Goldsmith's constitutional right to self-representation was to hold a new hearing on his motion at which Goldsmith could represent himself. The trial court's failure to do so simply perpetuated the constitutional error.
*1039 The trial court also denied Goldsmith a new hearing because it found that the original proceeding was "fair." However, a new hearing was required to vindicate Goldsmith's right to represent himself regardless of the fairness of the earlier hearing or the anticipated outcome of the new hearing. See Dorman v. Wainwright, 798 F.2d 1358, 1370 (11th Cir.1986) ("In this case, Dorman's constitutional right to proceed pro se was unquestionably denied. Therefore, regardless of the fairness of the trial at which he was convicted, he was prejudiced."); cf. Sandoval v. State, 884 So.2d 214, 216 (Fla. 2d DCA 2004) (vacating Sandoval's sentence and remanding for resentencing due to a Faretta violation despite the fact that Sandoval "will almost certainly receive the same sentence on remand"). Once the court determined that Goldsmith had knowingly and voluntarily exercised his right to self-representation, the question of whether the prior hearing was fair was irrelevant.
Accordingly, because the proceedings on remand again violated Goldsmith's constitutional right to self-representation, we reverse and remand for a de novo hearing on all of the grounds raised by Goldsmith in support of his motion to withdraw his plea. Because of the nature and tenor of the prior proceedings, we also direct that this new hearing be held before a different judge. Should Goldsmith again seek to represent himself at the new hearing on remand, the trial court should again conduct a proper Faretta hearing and allow Goldsmith to represent himself if that continues to be his knowing and voluntary choice.
Reversed and remanded for further proceedings.
CASANUEVA, C.J., Concurs.
ALTENBERND, Concurs with opinion.
ALTENBERND, Judge, Concurring.
At approximately noon on November 20, 2000, Mr. Goldsmith was arrested for a robbery of a cashier at a Walmart and an attempted robbery of a cashier at an Eckerd drugstore that had occurred earlier that morning. Although there was evidence that he used a firearm in these offenses, he was not charged with armed offenses. At all times since that arrest, he has been in state custody.
Because of mental issues, feigned or real, his trial was delayed. Shortly before his scheduled trial, he attempted suicide by cutting his wrists. The record suggests that the attempt may not have been a serious attempt. Facing the possibility of at least a forty-five-year sentence as a habitual violent felony offender due to the four prior robberies that he had committed, he was allowed to plead guilty to these offenses in October 2003 before Judge Downey, receiving a fifteen-year prison releasee reoffender sentence for the robbery, which is the minimum possible sentence he could have received.
He filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l). He ultimately received an extensive hearing on his motion, represented by competent, conflict-free counsel. Judge Luce denied that motion in 2005.
I cannot deny that Mr. Goldsmith may be constitutionally entitled to represent himself at another hearing on this motion. He should understand, however, that he has already fully served the sentences imposed on all of these offenses except for the robbery at Walmart. If he somehow manages to be more persuasive than his competent counsel at the hearing in 2005 and convinces the new trial judge to allow him to withdraw his plea to this offense, he still faces the risk of a thirty-year sentence as a habitual violent felony offender that *1040 could be imposed consecutive to the sentences that he has already served.