HAWKES, C.J.
 

 Before he pled no contest to driving under the influence (DUI), Edenfield, along with a group of other defendants, watched a pre-recorded video explaining the constitutional rights of individuals accused of committing a crime, signed several waiver forms, and testified to the County Court judge that he wished to “handle the case” himself. A defendant such as Edenfield may waive his Sixth Amendment right to counsel only after the trial court has engaged in an inquiry and determined the waiver to be knowing and intelligent.
 
 [1]
 
 Because we believe the County Court had sufficient grounds to find a knowing and intelligent waiver under the applicable law and Rules, we deny the petition.
 

 Edenñeld’s opportunity to view a video about his Constitutional rights
 

 After his arrest, Edenfield appeared at a first appearance hearing in the County Court where a pre-recorded video advised everyone present about the various constitutional rights they enjoyed as criminal defendants. The video specifically stated each defendant had “the right to be represented by an attorney today and at each stage of the proceeding.” It also described the right to self-representation, pointing out some of the risks of self representation and some of the advantages of being represented by an attorney:
 

 While you have the right to be represented by an attorney, the constitution also gives you the right to represent yourself and waive the right to the assistance of an attorney; however, there are some disadvantages in representing yourself. Some of the ways having a lawyer can help are as follows: A lawyer’s legal knowledge of criminal law, criminal procedure, rules of evidence, and experience, may favorably affect bail and pretrial release possibilities; a lawyer’s help may result in obtaining information about the case through the use of discovery; a lawyer can uncover potential violations of constitutional rights and take effective measures to address them; a lawyer may ensure compliance with speedy trial and statute of limitations provisions; and may identify and secure favorable evidence to be introduced later at trial on your behalf; a lawyer has the experience to advise you as to whether entering a plea is in your best interest; and might be able to negotiate with the State to bargain for
 
 *28
 
 different sentences or dispositions for your case; a lawyer can tell you the advantages and disadvantages of what you might say to the judge during your plea hearing and sentencing that will follow.
 

 Before calling any of the defendants individually, the County Court judge asked everyone if they both saw the video and understood the rights explained. The court asked:
 

 Is there anyone here who did not have an opportunity to view that videotaped explanation of rights? (No response) Is there anyone here who did not understand the rights as explained by Judge Derke on the videotape? (No response)
 

 Edenfield’s appears before the County Court judge
 

 When Edenfield’s case was called, he answered questions under oath regarding whether he understood his rights and was competent to waive them, as well as his understanding of the written forms he signed:
 

 The Court: Eric Edenfield. All right. Mr. Edenfield, you are charged with driving under the influence. Same question to you as to the others. You are not required to respond but if you do, it must be truthful. Do you have any prior convictions for DUI here or anywhere else?
 

 Edenfield: No, sir.
 

 The Court: All right. You appear to fall into the same minimum mandatories. Do you want me to go back over them with you?
 

 Edenfield: No, sir.
 

 The Court: Did you wish for me to appoint counsel or do you wish to handle the case yourself?
 

 Edenfield: I will do it myself.
 

 The Court: All right. Have you read through that blue form?
 

 Edenfield: Yes, sir.
 

 The Court: Okay. Do you understand all the rights on the blue form?
 

 Edenfield: Yes, sir.
 

 The Court: How do you plead to the charge?
 

 Edenfield: No contest.
 

 The Court: All right. If you will[,] please sign the blue form and the waiver of right to counsel form. (Edenfield complies.)
 

 The “blue form” signed by Edenfield was the “Plea of Guilty or No Contest” form specifically used for DUI defendants. It contained the following language under the heading of “Advisement of Rights”:
 

 I understand that I have the following listed rights under Florida and Federal Law and that by entering a plea of guilty or no contest to the charge I am giving up these rights:
 

 (b) The right to have the assistance of a lawyer.
 

 The “blue form” also contained an additional section regarding the waiver of the right to counsel. It stated: “I have been advised that I have a right to have an attorney with me during all stages of these proceedings ... I understand that I am waiving my right to a court appointed attorney and request that I be allowed to represent myself.”
 

 Edenfield also signed a Waiver of the Right to Counsel form repeating several points made on the “blue form.” It stated:
 

 I have been advised that I have a right to have my lawyer present with me during all stages of these proceedings. I have been advised by the Court and understand that if I desire to have a lawyer, and if I am financially unable to employ or retain a lawyer to represent me, one will be appointed for me by the
 
 *29
 
 Court, without cost or obligation on my part. I understand that I am charged in this Court with: DUI. [ ]
 

 I hereby waive my right to a court appointed lawyer and request that I be allowed to represent myself and that I be tried without a lawyer.
 

 After Edenfíeld had signed the “blue form” and the Waiver of the Right to Counsel form, the County Court asked again if he understand he was waiving his Sixth Amendment right to counsel:
 

 The Court: Okay. Mr. Edenfíeld, you have entered a plea of no contest to one count of DUI. Do you understand that by entering that plea you are giving up ... the right to the assistance of a lawyer during trial [ ]?
 

 Edenfíeld: Yes, sir.
 

 At this point, the County Court accepted Edenfield’s no contest plea, adjudicated him guilty of DUI, and sentenced him to six months of probation.
 

 Edenfield’s motion to withdraw his plea
 

 Almost a month later, Edenfíeld filed a motion in the County Court to withdraw his plea under Florida Rule of Criminal Procedure 3.170(Z) (2009). Edenfíeld claimed the County Court had erred by accepting his waiver of the right to counsel without first conducting a thorough
 
 Faret-ta
 

 [2]
 

 inquiry to ensure the waiver was knowing and intelligent. Edenfíeld argued that unless specific questions regarding his age, education, and mental competence were asked, the preprinted plea forms he signed, as well as the generic video he viewed, could not be relied on as part of a valid
 
 Faretta
 
 inquiry.
 

 The County Court held a hearing on Edenfield’s motion, following which it denied the claim, stating the transcript of the plea hearing showed the waiver was valid. It emphasized that Edenfíeld had watched a video expressly advising him of the right to counsel, signed two forms waiving the right to counsel, and verbally indicated he wished to waive his right to counsel. When Edenfíeld appealed the denial, the Circuit Court affirmed the decision without a written opinion. This petition for a writ of certiorari followed.
 

 Thoroughness of a Faretta inquiry
 

 The standard of review for a petition for writ of certiorari is two-fold: (1) whether the trial court afforded the parties procedural due process of law; and (2) whether the trial court observed the essential requirements of the law.
 
 [3]
 

 In his petition seeking certiorari, Eden-fíeld argues his procedural due process rights were violated because the County Court failed to ascertain whether his waiver of the right to counsel was knowing and intelligent. In
 
 Faretta,
 
 the Supreme Court of the United States defined the requirements a trial court must comply with before finding a valid waiver. These requirements included not only advising that the right to self representation exists, but also disclosing some of the risks of exercising that right. It stated defendants:
 

 should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that “he knows what he is doing and his choice is made with eyes open.”
 
 [4]
 

 
 *30
 
 Florida Rule of Criminal Procedure 3.111(d)(2) (2009) provides the procedure a court should use in complying with
 
 Faretta
 
 in Florida. The Florida Rule requires the court to advise “the defendant of the disadvantages and dangers of self-representation[,]” and to make a “thorough inquiry [ ] into both the accused’s comprehension” of the right to counsel “and the accused’s capacity to make a knowing and intelligent waiver.” Of note, the purpose of the inquiry is only to determine whether the defendant has the “capacity” required to intelligently waive the right to counsel, not whether he has the capacity required to effectively represent himself.
 
 [5]
 

 The standards set forth in the Florida Rule for a
 
 Faretta
 
 inquiry were articulated by the Florida Supreme Court in
 
 State v. Bowen.
 

 [6]
 

 Bowen
 
 held a
 
 Faretta
 
 inquiry need only ensure the defendant is “ ‘literate, competent, and understanding, and that he [is] voluntarily exercising his informed free will.’ ”
 
 [7]
 
 The Florida Supreme Court, quoting directly from
 
 Faretta,
 
 stated the inquiry may end once it is determined that the defendant is making the waiver “with eyes open.”
 
 [8]
 

 Since the amount of questioning needed to ensure this level of awareness will differ depending on each defendant and the circumstances of each case, there can be no model
 
 Faretta
 
 inquiry applicable in each case:
 

 In assessing the validity of a waiver of counsel, a reviewing court should focus not on the specific advice rendered by the trial court — for there are no “magic words” under
 
 Faretta
 
 — but rather on the defendant’s general understanding of his or her rights.
 
 [9]
 

 Certainly there is information which might be “relevant” to a determination of whether a defendant’s waiver was made with “eyes open.” Some of this information may be covered in the answers to the questions which Edenfíeld argues are mandatory (i.e. age, education, mental capacity).
 
 [10]
 
 But since there are no “magic words” required in a
 
 Faretta
 
 inquiry, there is no requirement that any specific questions be asked.
 
 [11]
 

 
 *31
 

 Determination of the validity of Edenfield’s waiver
 

 In sum, Rule 3.111(d) requires only: (1) advisement of the dangers of self-representation; and (2) enough of an inquiry to ensure the defendant is waiving the right to counsel knowingly and intelligently.
 

 Edenfield does not, and could not, claim that the County Court failed to advise him of the dangers of self-representation. These warnings were in the video. Nor does he claim that his waiver of the right to counsel was, in any way, unknowing or unintelligent. Edenfield was certainly literate and able to express himself to the trial judge. The error that Edenfield alleges does not have its genesis in Rule 3.111(d). Rather, he adds requirements to the Rule and would mandate the County Court to ask the specific questions he outlines before concluding any waiver was made “with eyes open.” This claim is spurious. There are both procedural and factual reasons why this is so.
 

 Proeedurally, the validity of a waiver cannot be judged simply by the rote recitation of certain, predefined questions. As noted above, there is no “model inquiry” or series of questions which must be asked before a waiver can be accepted. Edenfield claims each of his proposed questions is vital, and the failure to ask any particular one should result in an invalid waiver. He maintains this despite the fact that the answers are largely irrelevant. For instance, there is no rule precluding someone with only a high school diploma from representing themselves. Nor is there a rule stating those with college degrees are automatically qualified to represent themselves. Criminal defendants who are only 21 are not prohibited from representing themselves. Nor are those over 50 always permitted to represent themselves. Moreover, by mandating specific questions, Edenfield would create a different standard to determine if a defendant had waived this constitutional right versus other constitutional rights he might wish to waive. Clearly, pursuit of the goal — a requirement that any waiver be knowing and intelligent — is far more important than a blind pursuit of the means — a requirement that predefined questions always be asked.
 

 Factually, the circumstances support the County Court judge’s conclusion that the waiver was made “with eyes open.” No less than six times, Edenfield declared he was entering the waiver with full knowledge of its consequences:
 

 (1) Edenfield’s “blue form” (“Plea of Guilty or No Contest”) stated “I understand that I have the following rights ... and that by entering a plea of guilty or no contest to the charge I am giving up these rights: [including] The right to have the assistance of a lawyer.”
 

 (2) The “blue form” later repeated this claim, stating “I understand that I am waiving my right to a court appointed attorney and request that I be allowed to represent myself.”
 

 (3) The Waiver of the Right to Counsel form stated “I have been advised that I have a right to have my lawyer present
 
 *32
 
 with me during all stages of these proceedings ... I hereby waive my right to a court appointed lawyer and request that I be allowed to represent myself and that I be tried without a lawyer.
 
 [12]
 

 (4) Following the conclusion of the video, the County Court asked Edenfield and the other defendants, collectively, whether they understood the video’s content, including its discussion of the dangers of self-representation. There was no response, which the County Court reasonably accepted as tacit understanding.
 

 (5) During the individual colloquy that followed, Edenfield was asked if he understood each of the rights printed on the “blue form.” He responded, “Yes, sir.”
 

 (6) During the individual colloquy, Edenfield was again asked whether he “understood] that by entering that plea [he was] giving up ... the right to the assistance of a lawyer during trial.” He responded “Yes, sir.”
 

 These objective record facts are accompanied by the County Court’s ability to personally observe Edenfield and evaluate his competency at the time he waived his right to counsel.
 
 [13]
 
 The County Court discussed with Edenfield whether he had pri- or convictions, whether he wished to rehear the mandatory minimum penalties for DUI, whether he wished to represent himself, whether he had read and understood the rights on the “blue form,” and how he wished to plead. Although this inquiry may have been brief, it gave the County Court adequate time to make valid conclusions about Edenfield’s competency to decide whether he wished to waive his right to counsel. Had the County Court harbored misgivings over Edenfield’s competency, it would not have accepted the waiver. Apparently, it had no concerns.
 

 CONCLUSION
 

 To accept Edenfield’s waiver of the right to counsel, the County Court needed only to ensure he was making the decision “with eyes open.” Given the facts of this case, this standard was met. For this reason, the petition for writ of certiorari is DENIED.
 

 KAHN and WEBSTER, JJ., concur.
 

 [1]
 

 .
 
 See Rogers v. Singletary,
 
 698 So.2d 1178, 1180 (Fla.1996);
 
 see also Wilson v. State,
 
 947 So.2d 1225, 1226 (Fla. 1st DCA 2007).
 

 [2]
 

 .
 
 See Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [3]
 

 . See
 
 Houck v. Fla. Parole Com'n,
 
 953 So.2d 692 (Fla. 1st DCA 2007);
 
 Gillespie v. City of Destin,
 
 946 So.2d 1195, 1197-98 (Fla. 1st DCA 2006).
 

 [4]
 

 . 422 U.S. 806, 835, 95 S.Ct. 2525 (1975) (emphasis added), quoting
 
 Adams v. United
 
 
 *30
 

 States ex. rel. McCann,
 
 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942).
 

 [5]
 

 .
 
 Brown v. State,
 
 971 So.2d 270, 271 (Fla. 1st DCA 2008) (“The test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself");
 
 Beaton v. State,
 
 709 So.2d 172, 173 (Fla. 4th DCA 1998).
 

 [6]
 

 . 698 So.2d 248 (Fla.1997).
 

 [7]
 

 .
 
 Id.
 
 at 251 quoting
 
 Faretta,
 
 422 U.S. at 835, 95 S.Ct. 2525.
 

 [8]
 

 .
 
 Id.
 
 (emphasis added).
 

 [9]
 

 .
 
 Potts v. State,
 
 718 So.2d 757, 760 (Fla.1998);
 
 see also Iowa v. Tovar,
 
 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (stating there is no formula or script to a
 
 Faretta
 
 inquiry and the waiver need only be made with “eyes open”);
 
 Hill v. State,
 
 688 So.2d 901, 905 (Fla.1996) (stating the inquiry need only ensure the defendant is "alerted generally to the difficulties of navigating the legal system”);
 
 Wilson v. State,
 
 947 So.2d at 1226 (stating there are no "magic words” to a
 
 Faretta
 
 inquiry).
 

 [10]
 

 .
 
 See Flowers v. State,
 
 976 So.2d 665, 666 (Fla. 1st DCA 2008) (finding a waiver invalid in part because the trial court failed to inquire about any factors related to competency, including "age, education, ability to read and write, or any mental or physical conditions”).
 

 [11]
 

 . The current version of Rule 3.111(d) does not require questions regarding any of the information emphasized by Edenfield. Some cases indicate a mechanical, rote process must be followed, requiring specific questions about the defendant’s age, education, mental condition, and experience with criminal proceedings. However, these holdings are based on a prior version of Rule 3.111(d)(3). This prior version stated a waiver was unaccepta
 
 *31
 
 ble unless the trial court found on the record that the defendant had made a competent choice based on his "mental condition, age, education, experience, the nature or complexity of the case, or other factors.” This language was removed from the Rule in 1998, following
 
 Bowens
 
 holding that the inquiry needs to ensure only that the defendant is proceeding "with eyes open.” 698 So.2d at 251. Regardless, asking such questions can often be a redundant exercise. Much of the information covered by the questions is already provided to the court by other means. For example, in the instant case, the County Court had access to Edenfield’s probable cause affidavit and DUI citation.
 

 [12]
 

 . Written plea forms are demonstrative of a knowing and intelligent waiver, and as long as the court does not rely on them entirely, they are probative. See
 
 Hen Lin Lu v. State,
 
 683 So.2d 1110, 1111 (Fla. 4th DCA 1996). The trial court must only confirm that the defendant has read and comprehends the forms’ content.
 
 Id.
 
 Such confirmation occurred here, as on three separate occasions Edenfield indicated he fully understood the consequences of waiving his right to counsel (i.e. reasons (4)-(6) above).
 

 [13]
 

 .
 
 See Potts,
 
 718 So.2d at 759 ("Because the court's ruling [regarding the waiver of counsel] turns primarily on an assessment of demeanor and credibility, its decision is entitled to great deference”);
 
 Beaton v. State,
 
 709 So.2d 172, 173-74 (Fla. 4th DCA 1998).