WARNER, J.
Frankie Neal appeals convictions for possession of cocaine with intent to sell and sale of cocaine, crimes for which he was sentenced as a habitual offender to 30 years in the Department of Corrections. He represented himself at trial and the issues on appeal address whether the court made an adequate Nelson[1] inquiry, whether the court failed to conduct a proper Faretta[2] hearing, and whether the court erred in failing to offer him counsel at subsequent proceedings. In addition, he claims that the court erred in sentencing him as a habitual offender, because the state failed to prove the conviction from which he was released from prison occurred within five years of the current offense. However, because he admitted under oath his recent release from prison, the habitual offender sentence was proper. We affirm on all issues.
During the course of the proceedings, the trial court appointed Neal four different attorneys, at least two of which moved to withdraw because of irreconcilable differences with the client. Neal was quite adamant about the way he wanted his defense conducted and the preparation he expected. When he got into a disagreement with his fourth counsel on the eve of trial with respect to discovery, he asked to represent himself, with stand-by counsel. The judge thoroughly questioned Neal regarding the rights that he would be giving up and explained to him the pitfalls of self-representation. Neal was adamant that he wanted to represent himself. The court granted his request, appointing his last counsel as stand-by to assist. The court also continued the trial and released Neal on bond so that he could better prepare his defense.
Through many subsequent hearings, Neal continued his representation, even though the trial court offered to appoint counsel. Neal consistently refused. He represented himself at trial and was convicted. His family secured a lawyer to represent him at sentencing and on appeal.
On appeal, Neal claims that the court failed to conduct a proper Faretta hearing when he sought to represent himself. On the contrary, we find that the trial court’s examination was sufficient and warned Neal of the dangers of self-representation. A trial court’s decision as to self-representation is subject to the abuse *1135 of discretion standard of review. See Guilder v. State, 899 So.2d 412, 419-20 (Fla. 4th DCA 2005). The trial court did not abuse its discretion.
Florida Rule of Criminal Procedure 3.111(d) requires an inquiry into the accused’s comprehension of the offer of counsel and his capacity to make a knowing and intelligent waiver of his right to counsel. There is no exact form of inquiry, and there are no “magic words” required under Faretta. Rather, the focus is on the defendant’s understanding of his rights. Potts v. State, 718 So.2d 757, 760 (Fla.1998). Although a prior version of the rule required the court to find on the record that the defendant had made a competent choice of self-representation based on his “mental condition, age, education, experience, the nature or complexity of the case, or other factors,” that express requirement was eliminated in the current version of the rule.
Instead, the court must conduct a thorough inquiry of “the accused’s comprehension of that offer [of counsel] and the accused’s capacity to make a knowing and intelligent waiver.” Fla. R. Crim. P. 3.111(d)(2). A request for self-representation should not be denied “if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself-” Rule 3.111(d)(3). These changes responded to the supreme court’s pronouncement in State v. Bowen, 698 So.2d 248, 250 (Fla.1997), that under Far-etta it is the defendant “who must be free personally to decide whether in his particular case counsel is to his advantage.” And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of respect for the individual. Courts must ensure that the accused is competent to make the choice and that self-representation is undertaken “with eyes open.”
Recently, in Edenfield v. State, 45 So.3d 26 (Fla. 1st DCA 2010), the First District explained that the amount of questioning needed to assure that the defendant made his self-representation choice with his “eyes open” would differ depending on each defendant. No model Faretta inquiry can be applicable in each case. While the model colloquy contained in the rules is very helpful, failure to follow it to the letter does not compel a finding that a defendant has not made a knowing and intelligent choice of self-representation.
We have examined the court’s interrogation in this case, and the fact of the court’s dealings with Neal in various other hearings and conclude that the court did not abuse its discretion in concluding that Neal knowingly and intelligently waived his right to counsel.
 Even if he waived his right, Neal claims that the court thereafter failed to renew an offer of counsel at subsequent hearings. The court is required to make such an offer at every critical stage of the proceedings, See Traylor v. State, 596 So.2d 957, 968 (Fla.1992). He contends that there were eight subsequent hearings in which the trial court failed to raise the issue of counsel. We find his argument to be without merit because, for some of those hearings, he has failed to provide a transcript of the hearing and thus cannot establish that the court erred in failing to offer counsel. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). And for other hearings the court actually did renew the offer. He has not pointed to any critical stage of the proceedings where the trial court did not offer counsel.
*1136 With respect to the discharge of his last attorney, Neal contends that the court should have conducted a Nelson inquiry before discharging him. See Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). Nelson holds that where a defendant, before commencement of trial, requests discharge of his court-appointed counsel, the trial judge should make an inquiry of the defendant as to the reason for the request and, if incompetency of counsel is assigned as the reason, should make a sufficient inquiry of the defendant and his appointed counsel to determine whether there is cause to believe that counsel is not rendering effective assistance to the defendant. A Nelson hearing is not necessary where a defendant presents only general complaints about defense counsel’s trial strategy and no formal allegations of incompetency have been made, or where the defendant merely expresses dissatisfaction with his attorney. See Morrison v. State, 818 So.2d 432, 440 (Fla.2002). In Johnson v. State, 560 So.2d 1239, 1240 (Fla. 1st DCA 1990), the court explained that where the incompetency of counsel is not the stated basis for the defendant’s motion to discharge, then the trial court is not required to conduct a full inquiry as set out in Nelson. Here, Neal did not accuse his attorney of any incompetency. He simply disagreed with his attorney’s defense strategy. No Nelson inquiry was mandated.
Finally, Neal challenges the proof of a 2002 Georgia conviction used to habit-ualize him. Before the trial court may impose a habitual felony offender sentence it must find, based on record evidence, that the defendant has been previously convicted of any combination of two or more felonies; and that the current felony occurred either: a) while the defendant was serving a prison sentence or lawfully imposed supervision as a result of a felony conviction; or b) within five years of the date of the conviction for the defendant’s last prior felony or within five years from the date of the defendant’s release from prison or supervision for a prior felony offense. Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001).
Without relying on the 2002 Georgia conviction, the state proved multiple qualifying felonies. The Georgia conviction was needed to show, not a qualifying offense, but that the current offense occurred within five years of the date of the defendant’s release from prison for his last prior felony offense. When the state could not prove the 2002 Georgia conviction through the use of fingerprints, it requested the court to listen to Neal’s taped statement under oath at the bond hearing in which he admitted that he had been released from prison in Georgia in August 2002, less than five years prior to the commission of the current offense. We think that this admission is sufficient to provide the proof necessary to establish the second element for habitual offender status.
For the foregoing reasons we affirm both the conviction and sentence.
STEVENSON and GERBER, JJ„ concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).