ORFINGER, C.J.
Brandon L. Meredith appeals the order revoking his probation and sentencing him to prison. The sole issue he raises is whether the trial court erred by failing to conduct the inquiry required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d)(2). We con- *1219 elude that the trial court’s inquiry failed to satisfy the requirements of either Faretta or rule 3.111(d)(2) and reverse.
At the violation of probation arraignment, the following discussion occurred between the trial court and Meredith:
THE COURT: And you’re here because you’ve allegedly violated probation. ...
[[Image here]]
So you’re facing up to five years in State prison....
[[Image here]]
And so do you want [an] attorney appointed in your case?
THE DEFENDANT: I don’t believe that will be necessary, Your Honor, I don’t like (indiscernible).
THE COURT: The question is—
THE DEFENDANT: No.
THE COURT: — yes or no.
You don’t — you do not want an attorney?
THE DEFENDANT: No, ma’am.
THE COURT: Are you under the influence now of any drugs, alcoholic beverage, medication of any type or been treated for any mental disorder?
THE DEFENDANT: I am not, Your Honor.
THE COURT: And you do read and write English?
THE DEFENDANT: Ido.
THE COURT: Have you represented yourself before in any criminal case?
THE DEFENDANT: I have.
THE COURT: You have. All right. Then I will allow you to represent yourself, you’re waiving your right to an attorney.
While a competent criminal defendant has the constitutional right of self-representation, before that election can be made, the trial court has an obligation to assure that the waiver of counsel is knowing, intelligent and voluntary. See McGee v. State, 983 So.2d 1212, 1214 (Fla. 5th DCA 2008). Accordingly, the court must conduct an inquiry, assuring that the defendant is “aware of the dangers and disadvantages of self-representation.” Faretta, 422 U.S. at 835, 95 S.Ct. 2525; see Fla. R. Crim. P. 3.111(d)(2); Vega v. State, 57 So.3d 259, 262 (Fla. 5th DCA 2011). To this end, the trial court is required to make a sufficient record to demonstrate “how the defendant’s background, including his age, mental status, and education, affects his competency to waive his right to counsel.” McGee, 983 So.2d at 1215 (quoting Flowers v. State, 976 So.2d 665, 666 (Fla. 1st DCA 2008)).
The Faretta inquiry here was inadequate as it failed to demonstrate Meredith’s competency to waive counsel. Despite Meredith’s history of self-representation, the trial court should have conducted a more thorough Faretta inquiry. See Davis v. State, 10 So.3d 176, 179 (Fla. 5th DCA 2009) (holding fact that defendant represented himself at numerous prior proceedings was insufficient to excuse trial court’s failure to conduct full Faretta hearing). Accordingly, we reverse the order revoking Meredith’s probation and imposing a prison sentence, and remand this matter so that Meredith, with the assistance of counsel (or a proper waiver of counsel), may either withdraw his plea or seek a new sentencing hearing.
REVERSED AND REMANDED.
GRIFFIN and SAWAYA, JJ„ concur.