IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Petitioner,

v.

STEVEN PIETRASIUK,

     Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5322

Opinion filed August 18, 2016.

Petition for Writ of Certiorari – Original Jurisdiction.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Petitioner.

David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Respondent.

PER CURIAM.

The State petitions this court for a writ of certiorari to quash the circuit court's reversal of the county court's denial of respondent's Florida Rule of Criminal Procedure 3.850 motion.

We deny the State's petition for writ of certiorari, as the State failed to establish a departure from the clearly established principles of law. See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 355-56 (Fla. 2012).

We note, however, that the denial of a petition for writ of certiorari does not necessarily connote agreement with the circuit court's conclusion. Rather, this court is bound by the limited standard of review of second-tier certiorari and, though we may find the circuit court's conclusion was erroneous, erroneous conclusions do not amount to departures from the essential requirements of the law remediable by certiorari. Custer Med. Ctr. V. United Auto. Ins. Co., 62 So. 3d 1086, 1093 (Fla. 2010); see also Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000) ("[T]he departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error").

As such, we DENY the State's petition for writ of certiorari.

ROBERTS, C.J., and WOLF, J., CONCUR; WINOKUR, J., CONCURS WITH OPINION.

WINOKUR, J., concurring.

"A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to the facts, is not an illegal or irregular act or proceeding remediable by *certiorari*." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 525 (Fla. 1995) (quoting Basnet v. City of Jacksonville, 18 Fla. 523, 526-27 (1882)). If this case were an appeal from the circuit court decision, I would reverse the decision as a misapplication of Edenfield v. State, 45 So. 3d 26 (Fla. 1st DCA 2010), and the requirements of Rule 3.111(d), Florida Rules of Criminal Procedure. However, applying the Heggs standard, I concur in the majority opinion that certiorari is not warranted in this case.